Tammy Sue **RUSSOM**, et al., Plaintiffs,

v.

**KILGORE CORPORATION, et al., Defendants.**

**No. 87–1153–TUB.**

United States District Court,
W.D. Tennessee, E.D.

Aug. 24, 1988.

James F. Schaeffer, Jr., Schaeffer & Schaeffer Law Firm, Memphis, Tenn., for plaintiffs.

Joe D. Spicer, Spicer, Ridolphi, Flynn & Rudstrom, Memphis, Tenn., for Richard Ayers, Individually and d/b/a Ayers Electrical & Plumbing.

William F. Kirsch, Jr., Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, Tenn., for E.I. du Pont de Nemours & Co.

Tim Wade Hellen, Farris, Hancock, Gilman, Branan & Hellen, Memphis, Tenn., for Kilgore Corp. and Allegheny Intern.

Tim Wade Hellen, Rebecca P. Tuttle, Memphis, Tenn., for Bill Cornell.

Thomas H. Rainey, Menzies, Rainey, Kizer & Alderson, Jackson, Tenn., for H.T. Bishop & Son.

## ORDER OF DISMISSAL

TURNER, District Judge.

This action was filed on August 28, 1987 by plaintiffs Tammy Sue Lambert Russom, Annie M. Shrock and Ronnie Vaughan. Plaintiffs Russom and Shrock are the widows, respectively, of decedents Randy N. Russom and Kenneth Wayne Shrock. Defendants named in the complaint are the Kilgore Corporation; Allegheny International, Inc.; E. I. du Pont de Nemours & Company; Richard Ayers, individually and d/b/a Ayers Electrical & Plumbing; H.T. Bishop & Son, Inc.; and Bill Cornell, Chief Engineer for Kilgore Corporation. The facts giving rise to this complaint occurred on or about August 28, 1986 in Hardeman County, Tennessee, where Russom and Shrock, and plaintiff Vaughan, were employed by defendant Kilgore Corporation. Kilgore is apparently a manufacturer of flares for the military. Russom, Shrock

and Vaughan were employed in a process whereby an allegedly explosive material known as "Vyton," allegedly manufactured by defendant du Pont, was mixed with "classified substances," then placed on a drying tray for approximately four hours, and subsequently placed in a drying oven to complete the process. On the day in question, defendant Bill Cornell, allegedly desiring to cut short the above process, allegedly placed the newly mixed composition in the oven without having first left it on the tray for four hours. A tremendous explosion ensued, in which Vaughan, Russom and Shrock were severely burned, Russom and Shrock subsequently dying from their injuries. Plaintiffs seek $30,-000,000.00 in compensatory and exemplary damages from the named defendants on negligence, intentional tort and strict liability theories.

On April 13, 1988, defendant Ayers, individually and d/b/a Ayers Electrical & Plumbing, filed a motion for a judgment on the pleadings on the grounds that the complaint failed to make adequate jurisdictional allegations and affirmatively showed that certain bases for federal court jurisdiction were lacking. The United States Magistrate entered a Report on June 8, 1988 recommending that the motion be granted and that the suit be dismissed as to this defendant. This Court entered an order adopting the Report and Recommendation on June 30, 1988. Already filed at that time were motions to dismiss by defendant du Pont, on October 15, 1987, and defendant H. T. Bishop & Son, Inc., on February 19, 1988. Subsequent to entry of this Court's order adopting the Magistrate's Report, both of these defendants filed supplemental motions to dismiss on the grounds that the considerations justifying dismissal as to Ayers and Ayers Electrical & Plumbing likewise mandated dismissal of the claims as to them. The Court is of the opinion that the grounds set forth in the Magistrate's Report and argued by defendants du Pont and H. T. Bishop & Son warrant dismissal of the complaint as to all remaining defendants.

■ Plaintiffs first invoke the jurisdiction of this Court on grounds of diversity and cite 28 U.S.C. § 1331, which relates to federal question jurisdiction. The complaint alleges that plaintiffs Russom and Vaughan are Tennessee "residents," while plaintiff Shrock is a "resident" of California. Defendants Kilgore Corporation and E. I. du Pont de Nemours & Company are alleged to be organized "under the laws of the State of Delaware"; Allegheny International, Inc., "under the laws of the State of Pennsylvania"; and H.T. Bishop & Son "is a proprietorship or partnership located in Bolivar, Hardeman County, Tennessee." No similar allegations are made with respect to defendant Cornell. There are no allegations of citizenship concerning the above parties, merely allegations as to residence and corporate organization. Diversity of citizenship, not diversity of residence, is required by 42 U.S.C. § 1332(a)(1). *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir.1985).

■ Even assuming that plaintiffs' allegations set forth the actual citizenship of the parties to this cause, the Court is presented here with a lack of total diversity. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1807). One California and two Tennessee plaintiffs are aligned against two Delaware defendants, one Pennsylvania defendant and one defendant from Tennessee. The requirement of total diversity means that all parties on one side of a case must be citizens of states different from the parties aligned on the other side. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968). The existence of parties on both sides of this controversy that apparently possess Tennessee citizenship violates this rule and defeats the jurisdiction of this Court. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17, 71 S.Ct. 534, 541, 95 L.Ed. 702 (1951).

■ The complaint also alleges that a federal question arises out of the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* A "consumer product," as defined by 15 U.S.C. § 2052(a)(1) includes:

any article, or component part thereof, produced or distributed (i) for sale to a

consumer for use in or around a permanent or temporary household or residence, a school, in recreation, or otherwise, or (ii) for the personal use, consumption or enjoyment of a consumer in or around a permanent or temporary household or residence, a school, in recreation, or otherwise. . . .

Defendant du Pont allegedly manufactures the substance "Vyton" employed in the mixing and drying process, while defendant H. T. Bishop & Son allegedly constructed the building which housed the drying oven which exploded. None of the facts alleged in the complaint concern the use or involvement of anything remotely connected with the above definition of a consumer product. Moreover, § 2072(a), which creates a private right of action under the Consumer Product Safety Act, provides as a requirement to the maintenance of such an action that the injury must be sustained "by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the" Consumer Product Safety Commission. No allegations are found in the complaint that any of the defendants knowingly or willfully violated any such rule or order.

■ Plaintiffs also invoke the Occupational Safety and Health Act, 29 U.S.C. § 651, *et seq.*, which promulgates "safety requirements for employers engaged in interstate business and emphasizes the duty of the employer to provide safe working conditions." *Russell v. Bartley*, 494 F.2d 334, 335 (6th Cir.1974). However, "there is no legislative history or case law to support [the] proposition that OSHA created a private civil remedy and the clear language of § 653(b)(4) of the Act specifically evidences a congressional intention to the contrary." *Russell*, 494 F.2d at 336.

Plaintiffs further predicate the jurisdiction of this Court on the allegation that defendants Kilgore Corporation and Allegheny International, Inc. were engaged in the performance of a government contract at the time the explosion occurred, and that this government contract affected interstate commerce, and as such, this is an action under 28 U.S.C. § 1337. § 1337(a)

provides that the "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." No Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies has been invoked by plaintiffs or implicated by any of the factual allegations of the complaint.

Finally, the complaint seeks to base federal jurisdiction upon 28 U.S.C. § 1441, the removal statute. As this action was initiated in this Court, § 1441 has no application to these proceedings.

The Court therefore concludes that sufficient allegations of federal question have not been asserted to support the subject matter jurisdiction of this Court.

As was noted earlier in this opinion's consideration of diversity, 28 U.S.C. § 1332, at least one of the present defendants is alleged to be "located" in Tennessee. That defendant, H. T. Bishop & Son, Inc., has stated that it is in fact a Tennessee corporation and plaintiff has not bothered to respond. The Court must therefore conclude that diversity of citizenship is not present in this case and that 28 U.S.C. § 1332 will not support this Court's jurisdiction.

■ Moreover, although the dismissal of H.T. Bishop & Son, Inc. would relieve this action of the known Tennessee, and thus non-diverse, defendant, the complaint still fails to allege any proper basis for subject matter jurisdiction. It is incumbent on the plaintiffs to allege sufficient jurisdictional allegations. *Fed.R.Civ.P.* 8(a); *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

"If the complaint does not properly invoke the court's jurisdiction, then the complaint is defective, and, unless the deficiency is cured, the motion must be granted regardless of the actual existence of subject matter jurisdiction." 5 Wright & Miller, *Federal Practice and Procedure*, § 1350 at 549 (1969).

The Court is of the opinion that this suit should be dismissed because the necessary allegations to support subject matter jurisdiction have not been set forth.

Although the plaintiffs have not responded over a period of ten months to any of the motions presently being considered, nor have they requested leave to amend, the Court is reluctant to dismiss the suit without provision being made to allow its revival by amendment.

IT IS THEREFORE ORDERED that the complaint be dismissed as to all parties and that final judgment shall be entered thirty-one (31) days following entry of this order unless within thirty (30) days of said entry, the plaintiffs shall file an amended complaint, all this 22nd day of August, 1988.