**HOME OWNERS FUNDING CORP. OF AMERICA, Plaintiff,**

v.

**Jerry ALLISON d/b/a Allison Mobile Homes and Navistar International Transportation Corp., Defendants.**

Civ. A. No. 4–90–172–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Feb. 19, 1991.

Robert B. Wagstaff, Jones, Hall, Bates, Warren & Watson, Fort Worth, Tex., for Home Owners Funding Corp. of America.

Dale G. Markland, Kurt C. Kern, Strasburger & Price, Dallas, Tex., for Navistar Intern. Transp. Corp.

Harvey L. Frye, Jr., Peebles, Betty & Brantley, Fort Worth, Tex., for Jerry Allison and Allison Mobile Homes.

### ORDER

McBRYDE, District Judge.

Came on to be considered the above-styled and numbered action. On January 24, 1990, plaintiff, Home Owners Funding Corporation of America, filed this action in state court against defendants, Jerry Allison d/b/a Allison Mobile Homes ("Allison"), and Navistar International Transportation Corp. ("Navistar"). On March 5, 1990, Navistar filed a timely notice of removal alleging that this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and that removal is proper because there is diversity jurisdiction. Having reviewed the record as a whole, the court has concluded that this action should be remanded for the reasons stated below.

### Failure to Join All Defendants in Removal

■ As a general rule, all defendants must join in a notice of removal in order to effectuate proper removal. *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970); *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir.1982). The record reflects that only one of the state court defendants joined in the notice of removal. Such notice of removal gives no explanation for the non-joinder of defendant Allison. Under a recognized exception to the general rule, Allison need not have joined in the notice of removal if it had not been served with state court process. *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.*, 395 F.2d 546, 547 (7th Cir.1968). However, the record reflects that prior to removal on February 12, 1990, Allison was served with state court process. Plaintiff's Response to Motion to Dismiss For Insufficiency of Service of Process, Ex. "A".

Even if the record did not reflect whether Allison was served with state court process, the notice of removal is defective. Under 28 U.S.C. § 1446(a), a party seeking to remove a state court case to federal court must allege in the removal papers "a short and plain statement of the grounds for removal ..." A notice of removal filed by less than all defendants is considered defective if it fails to contain an explanation for the non-joinder of a co-defendant. *P. P. Farmers' Elevator Co.*, 395 F.2d at 548. In the instant case, the notice of removal does not contain any explanation for the non-joinder of Allison.

### Failure to Properly Allege Diversity Jurisdiction

■ Another reason why the notice of removal is defective is that diversity jurisdiction is not properly alleged. The party seeking removal has the burden of alleging facts that establish jurisdiction in the federal courts. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir.1984). Title 28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—(1) citizens of different states." Furthermore, under § 1332(c) "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ..."

In the instant case, the court is unable to determine whether diversity jurisdiction exists since Navistar's notice of removal fails to allege plaintiff's principal place of business. *See* Notice of Removal, ¶ I. Furthermore, the court is not persuaded that the amount in controversy requirement has been met since the original petition does not allege a specific amount in controversy, and the notice of removal alleges only that the original petition *"appears to exceed the sum of $50,000.00, exclusive of interest and costs."* [1] Notice of Removal, ¶ III (emphasis added).

■ The court may *sua sponte* remand an improperly removed action even after expiration of the thirty-day period that 28 U.S.C. § 1447 sets forth for filing motions to remand. *See London v. United States Fire Ins. Co.*, 531 F.2d 257, 259–60 (5th Cir.1976); *Federal Deposit Ins. Corp. v. Loyd*, 744 F.Supp. 126, 129–32 (N.D.Tex. 1990). Among the factors considered in determining whether to exercise the discretion to remand in cases such as this are, (1) the procedural history of the action, (2) the role of the opposing party in raising the defect in removal issue, and (3), whether remand would result in an injustice to a party. *Loyd*, 744 F.Supp. at 130. In the case at bar, there has been no substantive ruling by the court since the filing of the notice of removal by Navistar. Plaintiff

---

1. *See St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290; 58 S.Ct. 586, 591, 82 L.Ed. 840 (1938) (discussing in the case of removal the "strong presumption" that a plaintiff in a state court has not claimed a large amount in order to confer jurisdiction on a federal court).

has failed to raise or bring the non-joinder issue to the court's attention. Finally, there is no indication that an order of remand will result in injustice to a party to this action.

For the reasons stated above, the court has concluded that the removal was improper and that the action should be remanded.

The court, therefore, ORDERS that the above-styled and numbered action be, and is hereby, remanded to the state court from which it was removed.