Terry **AVERDICK, T.A. Agency, Inc., T.A. Standard American Insurance Agency, Inc.**

v.

**REPUBLIC FINANCIAL SERVICES, INC., Republic Insurance Company, and Compact Service Corporation.**

No. 92–52.

United States District Court, E.D. Kentucky, Covington Division.

Oct. 6, 1992.

John A. Berger, Busald, Funk & Zevely, Florence, Ky., Jonathan H. Waller, Charles A. McCallum, III, Richard H. Walston, Haskell, Slaughter, Young & Johnston, C. Crawford Williams, Williams & Ledbetter, Birmingham, Ala., for plaintiffs.

Walter E. Haggerty, Frost & Jacobs, Cincinnati, Ohio, Michael L. Lucas, D. Frank Davis, Burr & Forman, Birmingham, Ala., for defendants.

## OPINION AND ORDER

BERTELSMAN, Chief Judge:

This case is before the court on a motion to remand it to the Circuit Court of Kenton County, Kentucky, whence it was removed. The motion to remand raises important issues of statutory construction involving the 1988 amendments to the removal statutes. In particular, there is a significant issue on which there is a conflict of authority: Whether the 1988 amendment to 28 U.S.C. § 1447 prevents the federal court from remanding a case for defective allegations in the removal petition once thirty days have elapsed from the filing of the petition.

## I. PROCEDURAL BACKGROUND

This action was filed in the state court on March 4, 1992. The Plaintiffs are Terry Averdick and two corporations in which he is the principal. Greatly summarized, the Complaint alleges that the Defendant insurance companies issued policies under which they were liable to reimburse automobile dealerships for extended warranty work. The Plaintiffs were agents of the Defendants for the sale of these policies. Plaintiffs allege that the warranties were serviced by the Defendants in a fraudulent manner so as to deny many valid claims. They allege that their reputations were damaged because they had sold the fraudulent warranties to automobile dealers. The Complaint seeks actual and punitive damages and attorney's fees in unspecified amounts on behalf of the named Plaintiffs.

The Complaint also contains class action allegations concerning other sales agents. It seeks certification of a class of sales agents who sold warranties to dealers that did not contain a specific exclusion for factory deductibles. At the hearing on the Motion to Remand it was stipulated that some dealers had also received, via the sales agents, individual letters (variances) constituting endorsements for additional coverage, such as for lubricants or gaskets. These variances were not in a standard form. The Complaint seeks certification of a subclass of those agents who had provided these variances. The principal fraud claimed on behalf of the agent class members was fraudulent denial of coverage to the dealers for their factory deductibles and/or under these variances. The Complaint seeks on behalf of the class only declaratory relief that the Defendants' practices in administering the warranties were "a breach of contract and an improper claims handling practice."

The class action claim specifically alleges that some of the class members will not have $50,000 in controversy. Subsequent to the filing of the Notice of Removal, Plaintiffs filed an Amended Complaint adding one Michael Melus as an additional class representative for the factory deductible class. He stipulates that his claim is for less than $50,000.

On March 31, 1992, Defendants timely filed their Notice of Removal in this court. A defendant seeking to remove a

case to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F.Supp. 1305, 1308 (E.D.Ky.1990). Although Defendants' Notice of Removal purported to allege jurisdiction on the basis of diversity, it was deficient in several respects.

■ The Notice of Removal failed to properly allege the citizenship of the Plaintiffs. As to the individual Plaintiff, the Notice did make an allegation of his residency. Of course, federal diversity jurisdiction depends on citizenship and not residence. *See Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir.1968); *Russom v. Kilgore Corp.*, 692 F.Supp. 796, 798 (W.D.Tenn.1988). Nor is an allegation of residence an allegation of citizenship. *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 412–13 (5th Cir.1985). Many people—students and persons in military or government service to name a few—are commonly residents of one state but citizens of another.

■ As to the corporate Plaintiffs, the Notice of Removal did allege the state of incorporation of each of the two Plaintiff corporations. It neglected, however, to allege the places where each had their principal places of business. Of course, both are a part of a corporation's dual citizenship under 28 U.S.C. § 1332(c) (1988), and both must be alleged to establish diversity jurisdiction. *See Acwoo Int'l Steel Corp. v. Toko Kaiun Kaish, Ltd.*, 840 F.2d 1284, 1289–90 n. 6 (6th Cir.1988); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *Nadler*, 764 F.2d at 413.

In addition, the Notice of Removal alleges in a conclusory manner that the amount in controversy exceeds $50,000, exclusive of interest and costs. Defendants make this allegation although their Notice of Removal acknowledges that many of the class members' claims are for less than $50,000. Then, in apparent anticipation of a motion to remand, the Notice of Removal cites authorities to the effect that with regard to claims for declaratory relief, the "plaintiff's viewpoint" rule for determining the amount in controversy does not apply in removed actions. Rather, the Notice argues that the court should use the "defendants' viewpoint." Under the Defendants' viewpoint the class action claim far exceeds $50,000 because the Plaintiffs' claim alleges it involves "millions of dollars."

The Notice of Removal also sets forth alternative grounds for federal jurisdiction. The Notice asserts that, in the event the court declines to use the "defendants' viewpoint," class members whose claims are for less than the jurisdictional amount should be dropped from the lawsuit while the court keeps jurisdiction of the remainder. Finally, the Notice seeks to have the court retain jurisdiction by asserting that Plaintiffs fraudulently joined a class action claim in an attempt to prevent removal.

Plaintiffs filed a Motion to Remand on May 7, 1992. The date is significant because it is more than thirty days after the filing of the Notice of Removal.

## II. DEFECTIVE ALLEGATIONS OF CITIZENSHIP; 30–DAY LIMIT

■ As noted above, the Notice of Removal was defective in its allegations of citizenship. It failed to allege the citizenship of the individual Plaintiff and defectively alleged the citizenship of the two Plaintiff corporations.

Until recently, there would have been no question of the court's power to summarily remand the case to state court on the basis of such defects in jurisdictional allegations. In fact, many courts would have held that the only available recourse was to remand the case, the court being without discretion to permit even an amendment. *See Stanley Electric Contractors, Inc. v. Darin & Armstrong Co.*, 486 F.Supp. 769, 771 (E.D.Ky.1980) (amendment permitted); *Roseberry v. Fredell*, 174 F.Supp. 937, 939 (E.D.Ky.1959) (amendment not permitted); 1A Jeremy C. Moore et al., *Moore's Federal Practice* ¶ 0.168[3–4] (2d ed. 1992).

In 1988, Congress amended § 1447(c) to provide, in relevant part:

A *motion to remand* the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (1988) (emphasis added). The previous version of § 1447(c) stated, "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." 28 U.S.C. § 1447(c) (1982). Only a few courts have examined the issue of whether § 1447(c)'s thirty-day limitation restricts the power of the court to remand more than thirty days after the filing of the Notice of Removal.

In *Air–Shields, Inc. v. Fullam*, 891 F.2d 63 (3d Cir.1989), the Third Circuit held that a remand order, untimely according to § 1447(c), was outside of the district court's authority and subject to appellate review. *Id.* at 66. The district court, on the basis of defects in the removal procedure, had issued a *sua sponte* order remanding the removed case to state court more than seven months after the petition had been filed. *Id.* at 65. The district court based its order on its determination that the defendant had been served with process more than thirty days before filing its petition, and that the petition had not been accompanied by the required surety bond. *Id.* at 64.

The Third Circuit noted that the recently amended § 1447(c) required that any motion for remand based on a defect in removal procedure be made within thirty days of the filing of the removal petition. *Id.* at 66. Assuming that the district court's *sua sponte* order qualified as a motion, the Third Circuit held that the court below had exceeded its statutorily defined power and therefore review by means of a petition for writ of mandamus was not barred by § 1447(d). *Id.* at 65.[1] *Accord Federal De-*

*posit Ins. Corp. v. Loyd*, 955 F.2d 316, 323 (5th Cir.1992); *In re Trafficwatch*, 138 B.R. 841, 844 (E.D.Tex.1992). *Contra Home Owners Funding Corp. of America v. Allison*, 756 F.Supp. 290, 291 (N.D.Tex. 1991); *Federal Deposit Ins. Corp. v. Loyd*, 744 F.Supp. 126, 130 (N.D.Tex.1990), *vacated,* 955 F.2d 316 (5th Cir.1992).

Leaving aside the question of whether a complete failure to allege the jurisdiction of a party may be considered a mere "defect in removal procedure," this court respectfully disagrees with the interpretation that the thirty-day time limit of § 1447(c) applies to the court. Rather, this court holds that the requirement of § 1447(c) that a "motion to remand" be made within thirty days of the filing of the notice of removal does not restrict the district court's power to remand where the notice of removal is defective. To this court, the plain language of the statute, in referring to a "motion to remand," applies to the litigants but not to the court.

This court agrees with the reasoning of the district court in *Federal Deposit Ins. Corp. v. Loyd*, 744 F.Supp. 126 (N.D.Tex. 1990), *vacated,* 955 F.2d 316 (5th Cir.1992). There the district court had held that it retained power to remand more than thirty days after removal notwithstanding the amendment of § 1447(c). *Id.* at 130. Significantly, in examining the language of § 1447(c), the trial court found that the term "motion" did not apply to actions taken by a court.

The plain language of § 1447(c) does not foreclose a court from acting *sua sponte* to remand an untimely removed civil action. Significantly, the statute regulates remands for procedural irregularities only by prescribing a time limit within which a *motion* based upon a defect in removal procedure must be filed.... In the civil context presented here, however, motions are not normally considered to be an action taken by the court itself. Indeed, the federal rules of

---

1. *See Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 346, 96 S.Ct. 584, 590–91, 46 L.Ed.2d 542 (1976) (the prohibition of review contained in § 1447(d) applies only to remand

orders within the district court's statutory authority under § 1447(c); a remand based on grounds not appearing in § 1447(c) is subject to review by mandamus proceedings).

civil procedure contain several references to the court's acting on its own *initiative*, but in only one instance refer to the court's acting upon its own *motion*. It is therefore helpful for the purpose of interpreting § 1447(c) to understand that the term 'motion' does not inexorably refer in the context of civil litigation to action taken by the court. Given the predominant use of the phrase 'own initiative' in the federal civil procedural rules, the term 'motion' in § 1447(c) suggests that Congress intended to preclude judges from remanding improperly removed actions on their own simply because the non-moving party, for whatever reason, failed to object within 30 days of removal. Had Congress so intended, it could easily have amended § 1447(c) plainly to so provide.

*Id.* at 131 (footnotes omitted) (citation omitted). Federal district courts do not file motions to remand in any practice of which I am aware. I do not believe that Congress, when it drafted the amendments to § 1447(c), intended that the term "motions to remand" apply to the courts. Under modern federal practice, a motion is an application to the court for an order. Fed. R.Civ.P. 7(b)(1). It seems obvious that the court does not apply to itself for an order.

This interpretation is supported by the legislative history of § 1447(c). The Fifth Circuit quoted from the history in support of its holding in *Federal Deposit Ins. Corp. v. Loyd*, 955 F.2d 316 (5th Cir.1992).

[Former] [s]ection 1447(c) ... appears to require remand to state court if at any time before final judgment it appears that the removal was improvident. So long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why *either State or Federal courts, or the parties, should be subject to the burdens of shuffling a case between two courts that each have subject matter jurisdiction.*

*Id.* at 322 (alteration in original) (quoting H.R.Rep. No. 889, 100th Cong., 2d Sess., pt. 1, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033). Relying on this legislative history, the Fifth Circuit concluded that the very same "burdens of shuffling cases" that are created by "unnecessary and burdensome eleventh-hour remands" created by a motion by a party are created by a *sua sponte* remand. *Id.* That same quoted language can also be interpreted to mean that, while former § 1447(c) *required* a remand to state court, under the amended section if subject matter jurisdiction exists there is no reason why a case *should be* shuffled between two courts. In addition, the House Report further provides:

There is also some risk that a *party* who is aware of a defect in removal procedure may hold the defect in reserve as a means of *forum shopping* if the litigation should take an unfavorable turn. The amendment provides a period of 30 days within which remand must be *sought* on any ground other than lack of subject matter jurisdiction.

H.R.Rep. No. 889, 100th Cong., 2d Sess., pt. 1, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033) (emphasis added). The terms "must be sought" and "forum shopping" further indicate that Congress intended the thirty-day period to apply only to motions made by parties since a court does not "forum shop" or "seek" a remand from itself.

In a removal situation, the court waits for a motion to remand from the parties, or remands *sua sponte*. If the court became aware of the defect in the jurisdictional allegations of a notice of removal, it might issue a notice or rule to show cause why the case should not be remanded. Such notice or rule would not, though, be considered a "motion to remand" in ordinary parlance. Congress must have been aware that it would be unusual for the district judge personally to see a notice of removal within thirty days, and that in many cases, as in the case at bar, there may be serious reasons why an amendment should not be permitted and the case remanded.

This court finds that Congress, in enacting the 1988 amendment, did not intend to deprive the district court of the discretion, where the jurisdictional allegations are erroneous, to remand an action more than

thirty days after removal or to permit an amendment. This court therefore believes and holds that under amended § 1447(c) Congress meant only that the *parties* would be deemed to have waived defects in the notice of removal or removal procedures if a motion to remand was not made in 30 days.

In the view of this court, it retains the power to remand this case under the principles outlined in *Stanley Electric Contractors, Inc. v. Darin & Armstrong Co.*, 486 F.Supp. 769 (E.D.Ky.1980). There this court held that it had the power to permit or refuse to allow amendments to a petition for removal to correct faulty jurisdictional allegations under the criteria established by Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* at 773.

In this case the court, in the exercise of its discretion, does not believe an amendment should be permitted. In the subsequent section of this opinion the court concludes that it lacks jurisdiction because some members of the class assert claims for less than the jurisdictional amount, but the matter is not free from doubt. The holding that an amendment to correct the defects in the Notice of Removal is not permitted is an alternative holding to this subsequent conclusion that the court lacks jurisdiction.

The factors against permitting an amendment to correct the defective allegations, if the court did not remand the case, are: (1) the great complexity of the case and demands on the court's time considering the congestion of its docket; (2) principles of judicial economy since claims of some members of the class would have to be remanded to the state court; and (3) doubt of the jurisdiction of the court because of the problems with the jurisdictional amount listed, *infra.*

## III. JURISDICTIONAL AMOUNT

In their Response to the Motion to Remand, the Defendants argue that they have established the jurisdictional amount as to some class members. They admit, though, that the jurisdictional amount is lacking as to other members of the class. They argue that, for purposes of the jurisdictional amount, the claims of the class should be aggregated or that the amount should be judged from the "defendants' viewpoint"; namely, that the financial effect on the Defendants of an adverse judgment exceeds the jurisdictional amount. As alternative bases for jurisdiction, Defendants submit that only the claims of those class members who do not meet the jurisdictional amount should be remanded, and that the addition of the class parties constitutes "fraudulent joinder" by Plaintiffs in an effort to avoid removal.

### A. Aggregation

Defendants admit that the amounts of class members may be aggregated to achieve the jurisdictional amount only when class members "unite to enforce a single title or right in which they have a common and undivided interest." *Zahn v. International Paper Co.*, 414 U.S. 291, 293–94, 94 S.Ct. 505, 508–09, 38 L.Ed.2d 511 (1973) (quoting *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40–41, 32 S.Ct. 9, 9, 56 L.Ed. 81 (1911)); *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969).

Clearly, the members of the class of sales agents are not united in interest. The agents' contracts with the defendant companies would be analogous to the claims of policyholders. "It is well established that the claims of policyholders against an insurance company derive from their respective insurance contracts and are thus separate and distinct. They may not therefore be aggregated to satisfy the jurisdictional amount...." *Indianer v. Franklin Life Ins. Co.*, 113 F.R.D. 595, 601 (S.D.Fla.1986).

In cases where aggregation is permitted one or more of three factors usually appear: a federal question, a common fund, or an attempt to enforce a right that belongs to a group. *National Org. for Women v. Mutual of Omaha Ins. Co.*, 612 F.Supp. 100, 107 (D.D.C.1985). None of these factors are present in the instant case. It must be noted that the primary class issues concern individual variances issued to individual dealers, each of which

would have to be construed and evaluated according to the individual circumstances of their issuance.

### B. Defendants' Viewpoint

■ Defendants argue that the amount in controversy should be determined from the "defendant's viewpoint" since declaratory relief is sought. Where a class action is involved, however, and "the claims of the class members can most realistically be viewed as separate and distinct, it would run contrary to established authority to swerve around the forbidden [by *Zahn v. International Paper Co.* and *Snyder v. Harris*] aggregation of plaintiffs' claims by employing a defendant's viewpoint analysis." *Ferris v. General Dynamics Corp.*, 645 F.Supp. 1354, 1363 (D.R.I.1986). This is the situation in this case.

In addition, the defendant viewpoint rule cannot be employed where the cost to the defendant is based on the satisfaction of individual claims. *National Org. for Women*, 612 F.Supp. at 108. Further, it has been held that an "identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir.1983). Where, as here, plaintiffs litigate individual claims, the amount of which remain unaffected by the results obtained by fellow plaintiffs, the claims may not be aggregated. *Id.*

### C. Fraudulent Joinder

■ Defendants maintain jurisdiction should be retained because Plaintiffs fraudulently joined their class action claim in an attempt to avoid removal. Application of the fraudulent joinder doctrine is implicated when a party, in a removal action, has fraudulently pleaded jurisdictional facts in an effort to defeat federal diversity jurisdiction. *Rose v. Giamatti*, 721 F.Supp. 906, 914 (S.D.Ohio 1989). The doctrine has been applied in cases of alleged fraudulent joinder of defendants, *see, e.g., id.* and *Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354 (E.D.Mich.1988), including alleged fraudulent joinder of defendants in plaintiff class action cases. *See, e.g., Ford v.*

*Murphy Oil U.S.A., Inc.*, 750 F.Supp. 766, 769–70 (E.D.La.1990); *Chappell v. SCA Servs., Inc.*, 540 F.Supp. 1087, 1091 (C.D.Ill.1982).

■ Defendants seek to extend the doctrine to the circumstances of this case; that is, where it is alleged that Plaintiffs fraudulently joined their class claim in an attempt to prevent removal. Claims of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence. *Rinehart v. Consolidation Coal Co.*, 660 F.Supp. 1140, 1141 (N.D.W.Va.1987); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D.Wyo.1986); *Higgins v. Pittsburgh–Des Moines Co.*, 635 F.Supp. 1182, 1184 (S.D.Tex.1986). The burden of persuasion falls upon those claiming fraudulent joinder and any uncertainties must be resolved in favor of the plaintiff. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989). Where a party alleges fraudulent joinder, the court may "pierce the pleadings" to determine the true basis of joinder. *Rose v. Giamatti*, 721 F.Supp. 906, 914 (S.D.Ohio 1989). It is also true, though, that "at least where the class hypothesis is not an outlandish one, that the nature of the action as framed in the complaint must govern for the purpose of the motion to remand." *Ferris v. General Dynamics Corp.*, 645 F.Supp. 1354, 1362 (D.R.I.1986).

■ Defendants have failed to provide clear and convincing evidence, by way of specific facts, to support their allegations of fraudulent joinder by the Plaintiffs. In this case, the class action claim seeking declaratory relief seems at least plausible and asserted in good faith. *See Saylor v. General Motors Corp.*, 416 F.Supp. 1173, 1176 (E.D.Ky.1976). Therefore, the case must be treated as a class action for removal purposes. *Ferris v. General Dynamics Corp.*, 645 F.Supp. 1354, 1362 (D.R.I.1986); *National Org. for Women v. Mutual of Omaha Ins. Co.*, 612 F.Supp. 100, 102 (D.D.C.1985).

### D. Partial Remand

■ Defendants' final contention is that the court should retain jurisdiction over those claims exceeding the jurisdictional amount and remand those claims that do

not. However, where the class representative's claim exceeds the jurisdictional amount, though some of the class members' claims do not, remand of the entire action is necessary to avoid the untenable result of simultaneous litigation in the state and federal courts involving the same parties and issues. *Kennedy v. Commercial Carriers, Inc.*, 739 F.Supp. 406, 413 (N.D.Ill.1990). If such were permitted,

> [t]here would be duplication of effort and a consequent waste of resources, potential inconsistent results between the federal and state courts, and disputes over which court has jurisdiction of different class members, depending on whether the particular class member's claim exceeded the jurisdictional amount. As in *Craig* [*v. Congress Sportswear, Inc.*, 645 F.Supp. 162 (D.Me.1986) ], we do not 'read *Zahn* as mandating an involuntary division of an otherwise [seemingly] proper class action suit through remand of those plaintiffs' claims which do not exceed' the jurisdictional amount.

*Id.* at 413; *accord Craig v. Congress Sportswear, Inc.*, 645 F.Supp. 162, 166–67 (D.Me.1986) and cases therein cited.

### E. Effect of 28 U.S.C. § 1367(b)

■ One last point should be addressed, a point not argued by Defendants. In the current supplement to *Newburg on Class Actions*, the author states that 28 U.S.C. § 1367 repeals the requirement of *Zahn v. International Paper Co.* and *Snyder v. Harris* that each member of the class in a diversity action must assert a claim that meets the jurisdictional amount. 1 Herbert B. Newberg, *Newberg on Class Actions* ¶ 6.11 (2d ed. Supp.1992). The court does not agree with this analysis.

> Subsections (a) and (b) of § 1367 read:
> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

> Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(a)–(b) (Supp. II 1990). To this court, subsection (b) forbids use of the concept of supplemental jurisdiction created by subsection (a) to expand jurisdiction in diversity cases. The legislative history noted by the treatise recognizes this. The treatise argues that the fact that subsection (b) fails to mention class actions specifically indicates contrary to the legislative history that Congress intended to overrule *Zahn* and *Snyder. Id.* ¶ 6.11, at 263.

This court disagrees. The purpose of subsection (b) is to prevent plaintiffs from using the concept of supplemental jurisdiction to evade the complete diversity requirement and other limitations of diversity jurisdiction. *See* H.Rep. No. 734, 101st Cong., 2d Sess. 28 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6802, 6860, 6874; *see also* Ellen S. Mouchawar, Note, *The Congressional Resurrection of Supplemental Jurisdiction in the Post–Finley Era*, 42 Hastings L.J. 1611, 1658–59 (1991). This purpose is inconsistent with an implied repeal of *Zahn*.

The legislative history of § 1367(b) specifically provides that "[t]he section is not intended to affect the jurisdictional requirements of 28 U.S.C. § 1332 in diversity-only class actions, as those requirements were interpreted prior to *Finley* [*v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) ]." H.Rep. No. 734, 101st Cong., 2d Sess. 29, *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875 (footnote omitted,

which footnote referenced the *Zahn* decision). At least one other trial court has rejected the premise that Congress intended a repeal of *Zahn*. *Bradbury v. Robertson–Ceco Corp.*, No. 92 C 3408, 1992 WL 178648, at *2 (N.D.Ill. July 22, 1992) (declining to exercise supplemental jurisdiction over plaintiff class that included individual claims not exceeding the jurisdictional amount).

## CONCLUSION

To summarize, the court holds as follows:

1. This case must be remanded to the state court because some members of the class lack the jurisdictional amount.

2. In the alternative, the court in its discretion declines to permit an amendment of the notice of removal to correct the defective allegations of citizenship described above. This prohibition against amendment is because of the doubt and problems involved concerning jurisdiction by reason of the fact that some class members lack the jurisdictional amount.