**RIVERSIDE TRANSPORTATION, INC., AnsweRite, Inc., and Johnny Palazzotto D/B/A Pal Productions**

v.

**BELLSOUTH TELECOMMUNICATIONS, INC. D/B/A South Central Bell, L.M. Berry and Company, Bellsouth Advertising & Publishing Corporation.**

**Civ. A. No. 93–143–B.**

United States District Court, M.D. Louisiana.

March 14, 1994.

1. 99 U.S. 80, 25 L.Ed. 407 (1879).

2. *Barrow,* 99 U.S. at 82.

3. 868 F.2d 776 (5th Cir.1989).

Neil Davis Sweeney, Baton Rouge, LA, for plaintiffs.

Raymond J. Salassi, Jr., Judith V. Windhorst, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for defendants.

## RULING ON PLAINTIFFS' MOTION TO REMAND AND DEFENDANTS' MOTION TO SEVER CLAIMS AND DENY CLASS STATUS

POLOZOLA, District Judge.

This case requires the Court to resolve important issues which relate to removal of cases where jurisdiction is based on 28 U.S.C. § 1332.

### I. Facts and Procedural History

This action was originally filed in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.[1] Defendants timely removed this action to federal court, citing 28 U.S.C. § 1332 as the basis for subject matter jurisdiction. Plaintiffs filed a motion to remand on the grounds that some of the plaintiffs' claims do not exceed $50,000.

Plaintiffs concede that the claims of Riverside Transportation (Riverside) and AnsweRite, Inc. (AnsweRite) exceed $50,000.00, respectively.[2] However, plaintiffs contend that the claims of Johnny Palazzotto and others who make up the class do not exceed $50,000.00.

Defendants have also filed a motion to sever claims and to deny plaintiffs' request for class certification. Defendants contend that since the plaintiffs' claims do not arise from the same transaction or occurrence, they should be severed under Rule 21 of the Federal Rules of Civil Procedure. Defendants further argue that the Court should deny the plaintiffs' request for class status due to the plaintiffs' inability to satisfy the commonality requirement of Rules 23(a)(2) and (3) of the Federal Rules of Civil Procedure.

---

[1] Plaintiffs filed this suit individually, and on behalf of numerous class members seeking damages for the defendants' failure to publish plaintiffs' advertisements in various Louisiana telephone directories, including "The Real Yellow Pages."

[2] See Pls.' first suppl. mem. in supp. of motion to remand at 1–2.

## II. Plaintiffs' Motion to Remand

### A. Diversity Jurisdiction—Amount in Controversy

█ Plaintiffs contend in their motion to remand that each plaintiff in a Rule 23 class action[3] based on diversity jurisdiction must independently meet the requirements of 28 U.S.C. § 1332. In support of this contention, plaintiffs rely on *Zahn v. International Paper Company.*[4] Plaintiffs further contend that since several class members fail to satisfy the $50,000 jurisdictional requisite, this suit must be remanded. Defendants rely on 28 U.S.C. § 1367 to support their claim for subject matter jurisdiction.

Prior to the enactment of 28 U.S.C. § 1367, the courts followed the rule set forth by the United States Supreme Court in *Zahn.* In *Zahn,* the Supreme Court held that the claims of individual members of a plaintiff class cannot be aggregated to satisfy the jurisdictional amount. In other words, each individual's claim must be considered on its own as if it were a separate lawsuit.

Defendants argue that *Zahn* has been effectively overruled by 28 U.S.C. § 1367,[5] which provides in pertinent part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Defendants argue that because class actions under Rule 23 of the Federal Rules of Civil Procedure are not listed as being exempt from § 1367, the Court may exercise supplemental jurisdiction over such actions. In other words, the defendants seek to have this Court ignore the rule of *Zahn,* and exercise supplemental jurisdiction over the claims of each member of the class even though the individual claims of some plaintiffs do not exceed $50,000.

At least two federal district courts, including one from this district, have held, in non-class action suits, that § 1367 effectively overruled *Zahn.*[6] However, the vast majority of cases interpreting § 1367 have reached a contrary result.[7] The legislative history

---

3. To determine the jurisdictional issue raised by the plaintiffs' motion to remand, the Court shall assume, without deciding, that the plaintiffs constitute a proper class under Rule 23.

4. 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973).

5. Section 1367 was amended by the Judicial Improvements Act of 1990, Pub.L. 101–650, and encompasses the concept of "supplemental jurisdiction," which was intended to replace "ancillary" and "pendent" jurisdiction.

6. *Garza v. National Am. Ins. Co.,* 807 F.Supp. 1256, 1257–58 (M.D.La.1992); *Patterson Enter. v. Bridgestone/Firestone, Inc.,* 812 F.Supp. 1152, 1154–55 (D.Kan.1993).

7. *Durrett v. John Deere Co.,* 150 F.R.D. 555, 561 (N.D.Tex.1993); *Leung v. Checker Motors Corp.,* No. 93–C–2704, 1993 WL 515470 at *2 (N.D.Ill. Dec. 7, 1993); *Benfield v. Mocatta Metals Corp.,* No. 91 Civ. 8255 (LJF), 1993 WL 148978 at *4 (S.D.N.Y. May 5, 1993); *Hairston v. Home Loan and Inv. Bank,* 814 F.Supp. 180, 181 (D.Mass. 1993); *Mayo v. Key Fin. Servs., Inc.,* 812 F.Supp. 277, 278 (D.Mass.1993); *Averdick v. Republic Fin. Servs., Inc.,* 803 F.Supp. 37, 45 (E.D.Ky. 1992); *Bradbury v. Robertson–CECO Corp.,* No. 92–C–3408, 1992 WL 178648 at *1–2 (N.D.Ill. July 22, 1992); *Cheramie v. Texaco, Inc.,* Civ.A. No. 91–3114, 1991 WL 236784 at *1 (E.D.La. Oct. 31, 1991); *Fink v. Heath,* No. 91–C–2982, 1991 WL 127664 at *2–3 (N.D.Ill. July 8, 1991); *Griffin v. Dana Point Condominium Ass'n,* 768 F.Supp. 1299, 1301–02 (N.D.Ill.1991).

accompanying § 1367 specifically refers to the Supreme Court's opinion in *Zahn,* and provides that § 1367 was not intended to affect jurisdictional requirements in diversity-based class actions.[8]

The Fifth Circuit Court of Appeals has recently explained *Zahn* in *Watson v. Shell Oil Company,*[9] wherein Chief Judge Politz stated: *"Zahn* teaches that each plaintiff in a class action under Fed.R.Civ.P. 23(b)(3), where subject matter jurisdiction is founded on diversity of citizenship, must independently meet the 28 U.S.C. § 1332 jurisdictional amount requirement."[10] The Fifth Circuit has granted a rehearing *en banc* in *Watson,* hopefully to clear up the controversy concerning the effect of § 1367 in diversity jurisdiction cases.

The Court finds that the Supreme Court's holding in *Zahn* has not been overruled by § 1367. This conclusion is supported by the language and legislative history of § 1367, the Fifth Circuit's decision in *Watson,* and a majority of cases which have interpreted § 1367. Therefore, the Court may not exercise supplemental jurisdiction over the plaintiffs' suit because each of the claims do not exceed $50,000.

### B. Case or Controversy Requirement under Article III

■ Even if the Court finds that § 1367 overruled *Zahn,* the Court concludes that this case is not a proper case for the exercise of supplemental jurisdiction under § 1367. Pursuant to § 1367(a) "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

It is clear that the plaintiffs' claims are not so related that they form part of the same case or controversy under Article III. Defendants can hardly object to this conclusion because of statements made in their briefs filed with this Court. In the memorandum in support of their motion to sever claims and deny class status, the defendants stated: (1) "The claims of the three named plaintiffs do not arise from the same transaction or occurrence . . . .;"[11] (2) "There is no connection among the named plaintiffs' claims;"[12] (3) "There is no commonality between the claims of the putative class members and the named plaintiffs;"[13] and (4) "Plaintiffs' claims clearly arose from separate transactions."[14]

After careful review of the record, the Court finds that this is not a proper case for the exercise of supplemental jurisdiction under § 1367.

### C. Applicability of 1441(c) in a Diversity Action

■ Defendants also argue that the Court should only remand those claims which do not satisfy the jurisdictional amount, and retain jurisdiction over the claims of Riverside and AnsweRite, which do exceed $50,000. However, defendants' argument ignores the effect of the 1990 amendment to section 1441(c), which provides:[15]

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Under section 1441(c), a defendant may remove the entire action from state court where at least one claim raises a federal question under 28 U.S.C. § 1331. When a

8. H.R.Rep. No. 734, 101st Cong., 2d Sess. 29 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6802, 6860, 6875.

9. 979 F.2d 1014, 1021 (5th Cir.1992), *reh'g en banc granted,* 990 F.2d 805 (5th Cir.1993).

10. *Watson,* 979 F.2d at 1021.

11. Mem. Supporting Defs.' Mot. to Sever Claims and to Deny Class Status at p. 1.

12. Defs.' mem. at 6.

13. Defs.' mem. at 8.

14. Defs.' mem. at 6.

15. Judicial Improvements Act of 1990, Pub.L. 101–650.

federal claim is asserted, the federal district court may, in its discretion, determine all of the issues of the case, or remand all state law claims while retaining jurisdiction over those claims which raise a federal question. Such is not the case where the Court's jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332. Prior to 1990, § 1441(c) applied to both diversity actions as well as those raising a federal question. The 1990 amendment to § 1441(c), rendered it inapplicable to diversity cases. The Commentary on the 1990 Revision provides: "Under the amendment, a removal under § 1441(c) is henceforth permitted only in a federal question case, i.e., a case in which the jurisdiction of the claim that furnishes the removal basis is one that arises under federal law." [16]

The Court's jurisdiction in the present action is based on diversity. While the claims asserted by Riverside and AnsweRite each satisfy the jurisdictional requirements of § 1332, the claims of the remaining plaintiffs do not. Since the Court may no longer divide claims where the Court's jurisdiction is based on § 1332, the Court finds that the entire action must be remanded to the state court.[17]

### III. Defendants' Motion to Sever Claims and Deny Class Status

Based on the reasons set forth in Part II of this opinion, the Court finds that the defendants' motion to sever claims and deny class status should be denied as moot.

### IV. Conclusion

In summary, the Court finds that the plaintiffs' suit must be remanded in its entirety to state court. Each plaintiff in a Rule 23 class action, where subject matter jurisdiction is founded on diversity of citizenship, must independently meet the § 1332 jurisdictional amount requirement. Furthermore, 28 U.S.C. § 1367 does not give this Court the authority to exercise supplemental jurisdiction over the plaintiffs' claims which do not exceed $50,000. Even if § 1367 did grant

this Court such discretion, the plaintiffs' claims are not so related that they form part of the same case or controversy under Article III. Furthermore, under § 1441(c) this Court has no authority to retain jurisdiction over the claims of Riverside and AnsweRite, while remanding the remaining claims to state court. Finally, even if the Court denied class action status, the Court would not have jurisdiction since the Palazzotto claim does not exceed $50,000. The entire action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

The defendants' motion to sever claims and deny class status is denied as moot.

Therefore:

IT IS ORDERED that the plaintiffs' motion to remand be and it is hereby GRANTED. This action shall be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the defendants' motion to sever claims and deny class status be and it is hereby DENIED as moot.

---

**16.** David D. Siegel, *Commentary on 1990 Revision,* 28 U.S.C.A. 1441(c) (West Supp.1993).

**17.** See also *Averdick v. Republic Fin. Servs., Inc.,* 803 F.Supp. 37, 45 (E.D.Ky.1992) ("[W]here the class representative's claim exceeds the jurisdic-

tional amount, though some of the class members' claims do not, remand of the entire action is necessary to avoid the untenable result of simultaneous litigation in the state and federal courts involving the same parties and issues.")