**James PARKER and his wife, Marguerite Parker, Plaintiffs,**

**v.**

**CRETE CARRIER CORPORATION and City of Middlesboro, Defendants.**

**Civil Action No. 95–257.**

United States District Court,
E.D. Kentucky,
London Division.

Feb. 9, 1996.

Bill Hayes, Middlesboro, KY, Joseph F. Leighton, Jr., Parker, Coulter, Daley & White, Boston, MA, for James Parker, Marguerite Parker.

Gregory K. Jenkins, Boehl, Stopher & Graves, Lexington, KY, for Crete Carrier Corporation.

Gregory K. Jenkins, Boehl, Stopher & Graves, Lexington, KY, Brian C. House, Tooms & House, London, KY, for Middlesboro Fire Department.

## ORDER

COFFMAN, District Judge.

This matter is before the Court upon the motion of the plaintiffs to remand [Record No. 3] and motion of the defendant, Crete Carrier Corporation ("Crete"), to consolidate. [Record No. 5].

The defendant, Crete, moves the Court to consolidate this action with *Lois R. Morris et al. v. Crete Carrier Corporation et al.*, London Civil Action No. 94–174. The Court granted Crete's motion for summary judgment in London Civil Action 94–174, leaving no remaining issues. Therefore, Crete's motion to consolidate is moot. The only issue before the Court is the plaintiffs' motion to remand.

1. The Court assumes that this argument is a claim of fraudulent joinder. The Court will ana-

## BACKGROUND

The plaintiffs bring this action seeking damages arising out of an automobile accident in Bell County, Kentucky, on August 12, 1993. The action was filed in Bell Circuit Court. Crete timely removed the case based upon diversity subject matter jurisdiction.

The plaintiffs, in their motion for remand, assert that this action should not have been removed because the City of Middlesboro, as a corporate citizen of Kentucky, is a named defendant whose presence defeats diversity jurisdiction. Plaintiffs, to support their argument, cite 28 U.S.C. § 1441(b), which provides as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

(Emphasis added).

The defendants, in opposition to plaintiffs' motion, argue that the Court should retain this action for three reasons. First, the defendants cite 28 U.S.C. § 1441(c), which states as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, **the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters not otherwise within its original jurisdiction.**

(Emphasis added). Second, Crete alleges that the plaintiffs added the City of Middlesboro as a defendant for the purpose of defeating removal to this forum.[1] Finally, Crete asserts that this Court can retain this matter based upon supplemental jurisdiction.

lyze the case as though a fraudulent joinder claim has been made.

28 U.S.C. § 1367, concerning supplemental jurisdiction, provides in pertinent part:

(a) [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.... Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

For the reasons that follow, the plaintiffs' motion to remand will be granted.

## ANALYSIS

While the parties cite to the Court several pertinent United State Code sections, they fail to address one section that is particularly relevant. 28 U.S.C. § 1367(b) places restrictions on the doctrine of supplemental jurisdiction when federal jurisdiction is predicated on diversity of the parties. Section (b) states in pertinent part:

In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

The Practice Commentary appended to 28 U.S.C. § 1367 addresses the restrictions on supplemental jurisdiction in diversity cases:

The exceptions carved out in subdivision (b), in which supplemental jurisdiction is withheld, apply in actions in which jurisdiction of the subject matter is based "solely" on diversity of citizenship under § 1332 of Title 28. Diversity under that statute has been construed to require that each plaintiff differ in citizenship from each defendant, the rule of "complete diversity" pronounced in *Strawbridge v.*

*Curtis,* [*Curtiss*], 7 U.S. [ (3 Cranch) ] 267 [2 L.Ed. 435] (1806).

But note that subdivision (b) carves out only specific instances in which it excludes the supplemental jurisdiction in diversity cases. By no means does it exclude it from diversity cases in general. Subdivision (b) of § 1367 is concerned only with the efforts of a plaintiff to smuggle in claims that the plaintiff would not otherwise be able to interpose against certain parties in certain specific contexts for want of subject matter jurisdiction. The repetition of the word "plaintiffs" at several rule-citing junctures in subdivision (b) makes this clear.

David D. Siegel, Practice Commentary, "Restrictions on Supplemental Jurisdiction in Diversity Cases", 28 U.S.C.A. § 1367 (West 1993).

However, the facts of the instant action do not fit squarely into one of the exclusions of subdivision (b). Here the party that destroys complete diversity, as required by *Strawbridge,* was not made a party under Fed.R.Civ.P. 14, 19, 20, or 24. Rather, the City of Middlesboro, the non-diverse defendant, was made a party defendant at the state court level. Therefore, the issue with which the Court must grapple is whether the notions of supplemental jurisdiction and complete diversity can work together, under the facts of this case, to provide the Court with subject matter jurisdiction.

■ In examining subject matter jurisdiction, the Court must start with the elementary but vitally important principle that federal district courts are courts of limited, not general, jurisdiction. U.S. Const. art. 1, §§ 1 and 2. Unlike most state courts of general jurisdiction, in which jurisdiction is generally presumed unless the contrary is demonstrated, in federal district courts the absence of jurisdiction is generally presumed unless the party invoking federal jurisdiction clearly demonstrates that it exists. *See State of Louisiana v. Sprint Communications Co.,* 892 F.Supp. 145 (M.D.La.1995); *Averdick v. Republic Financial Services, Inc.,* 803 F.Supp. 37 (E.D.Ky.1992); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3522.

Supplemental jurisdiction cannot destroy the requirement for complete diversity even where the non-diverse party was present in the state court action before it was removed. In *Jewell v. Dudley L. Moore Ins., Inc.*, 872 F.Supp. 1517, 1519 (M.D.La.1995), the court held that if the non-diverse party has not been fraudulently joined, the court must remand the case.

Two other cases squarely address the issue before the court. In those cases the courts construed the issue as follows: whether the supplemental jurisdiction statute supports diversity jurisdiction in the absence of complete diversity when a plaintiff's claims against non-diverse defendants form part of the same case or controversy as the claims against a diverse defendant. *Ware v. Jolly Roger Rides, Inc.*, 857 F.Supp. 462 (D.Md. 1994). *See Chiasson v. Karl Storz Endoscopy–America, Inc.*, 1994 WL 532613 (E.D.La. 1994).

The *Ware* and *Chiasson* courts began their analysis by citing *Strawbridge*, as engrafting the requirement of complete diversity onto 28 U.S.C. § 1332, which simply requires that the suit be between citizens of different states. The courts recognized that § 1367(a) provides supplemental jurisdiction, yet the courts held that § 1367 does not change the complete diversity requirement in place since *Strawbridge*. *Ware*, at 464; *Chiasson*, at 3; Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3567.3 and n. 16 (1993 Supp.) ("the legislation has limits, however, on the use of supplemental jurisdiction in diversity cases so that it will not defeat the rule of complete diversity").

Similarly, Crete's assertion that the plaintiffs fraudulently joined the City of Middlesboro fails to persuade the Court to retain this action. Application of the fraudulent joinder doctrine is required when a party, in a removal action, has fraudulently pleaded jurisdictional facts in an effort to defeat federal diversity jurisdiction. The doctrine has been applied in the cases of alleged fraudulent joinder of defendants. *Averdick*, at 44. Crete asserts, without any factual or legal support, that the plaintiffs joined the City of Middlesboro to prevent removal. Claims of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence. *Averdick*, at 44. The burden of persuasion falls upon those claiming fraudulent joinder and any uncertainties must be resolved in favor of the plaintiff. *Averdick*, at 44.

Crete fails to provide clear and convincing evidence, by way of specific facts, to support its allegations of fraudulent joinder. In this case, the plaintiffs' claim against the City of Middlesboro, for the alleged negligence of a fireman in his efforts to extricate the plaintiff from the vehicle involved in the collision, seems plausible and asserted in good faith. *See Averdick*, at 44.

In this case there is not complete diversity. The plaintiffs and the defendant, City of Middlesboro, are all citizens of Kentucky. This Court cannot use supplemental jurisdiction to override the requirement of complete diversity when subject matter jurisdiction is predicated only upon diversity. Nor can the Court find that the City of Middlesboro was fraudulently joined in order to defeat removal.

Accordingly, IT IS ORDERED that the plaintiff's motion for remand is GRANTED.

IT IS FURTHER ORDERED that Crete's motion to consolidate is DENIED AS MOOT.