**GUARANTEED SYSTEMS, INC.,**
**Plaintiff and Third–Party**
**Plaintiff,**

v.

**AMERICAN NATIONAL CAN**
**COMPANY, Defendant,**

**R.K. Elite–HydroVac Services, Inc.,**
**Third–Party Defendant.**

**Civ. No. 2:93CV00233.**

United States District Court,
M.D. North Carolina,
Greensboro Division.

Jan. 27, 1994.

**856**

Mel Joseph Garofalo, Hedrick, Eatman, Gardner & Kincheloe, Charlotte, NC, Lawrence J. Gillen, Patton, Boggs & Blow, Greensboro, NC, C. Michelle Sain, Hedrick Eatman Gardner & Kincheloe, Charlotte, NC, for plaintiff.

Douglas Everette Kingsbery, Tharrington, Smith & Hargrove, Raleigh, NC, for American Nat. Can Co.

Lawrence J. Gillen, Patton, Boggs & Blow, Greensboro, NC, for Guaranteed Systems, Inc.

Joseph W. Moss, Stephen Allen Mayo, Adams Kleemeier Hagan Hannah & Fouts, Greensboro, NC, for R.K. Elite–HydroVac Services, Inc.

### MEMORANDUM OPINION

FRANK W. BULLOCK, Jr., Chief Judge.

This civil action is before the court on Third–Party Defendant's motion to dismiss the third-party action for lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(b), the Judicial Improvements Act of 1990, Title III, § 310(a).

### FACTS

On March 17, 1993, contractor Guaranteed Systems, Inc., a North Carolina corporation, filed a state court action ("original action") in the Superior Court Division of the General Court of Justice, Rockingham County, North Carolina, against American National Can Company ("National Can"), a Delaware corporation, alleging that National Can had failed to pay Guaranteed Systems for construction work on a National Can facility in Forest Park, Georgia. National Can removed the original action to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446 because the federal court had original jurisdiction over the original action under 28 U.S.C. § 1332(a). National Can then answered and filed a counterclaim against Guaranteed Systems alleging, *inter alia,* that Guaranteed Systems had been negligent in the performance of its construction work on the National Can facility. On June 30, 1993, Guaranteed Systems, defending against National Can's counterclaim, answered and, pursuant to Rule 14(b) of the Federal Rules of Civil Procedure, filed a third-party action against sub-contractor R.K. Elite–HydroVac Services, Inc. ("HydroVac"), alleging claims for indemnity and contribution for any amount that may be determined to be owed to National Can by Guaranteed Systems as a result of the counterclaim initiated by National Can.

### DISCUSSION

■ Federal courts may exercise original jurisdiction pursuant to 28 U.S.C. § 1331 over cases involving a federal question or pursuant to 28 U.S.C. § 1332 ("the diversity statute") over cases involving citizens of different states, that is, those cases in which the parties are "diverse." They may also exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims that form part of the same case or controversy as the action within their original jurisdiction, unless that action is within their jurisdiction solely on the basis of the diversity statute. If that action is within their jurisdiction solely on the basis of diversity, federal courts may not exercise supplemental jurisdiction over certain claims, including claims by plaintiffs against persons made parties under Rule 14 of the Federal Rules of Civil Procedure, when so doing would be inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332, for instance, when the plaintiff and the other party are non-diverse.

■ In the case before the court, it is undisputed that the court's jurisdiction over

the original action is founded solely on the diversity statute. It is also undisputed that the third-party action involves a claim that is so related to the original action that it forms "part of the same case or controversy." 28 U.S.C. § 1367(a). The disputed issue is whether the court may exercise supplemental jurisdiction over the third-party state law claim between Plaintiff and Third–Party Defendant, whom Plaintiff, defending the counterclaim, has impleaded for indemnity or contribution in accordance with Rule 14(b) of the Federal Rules of Civil Procedure, when Plaintiff and Third–Party Defendant are non-diverse parties.

The terms of 28 U.S.C. § 1367(b) prohibit the court from exercising jurisdiction over Plaintiff's third-party claim. Guaranteed Systems is clearly a plaintiff in a diversity suit asserting a claim against a non-diverse third-party defendant made a party under Rule 14.

Were it not for the enactment of Section 1367, however, the rationale of the decision in *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), could allow the court to exercise jurisdiction under these circumstances. *Owen* prohibits the court only from exercising jurisdiction over a state law claim by a plaintiff against a non-diverse third-party defendant impleaded for indemnity purposes by a *defendant.* The principal rationale of both *Owen* and Section 1367(b) is to prevent a plaintiff from "evad[ing] the jurisdictional requirements of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis." H.R.Rep. No. 101–734, 101st Cong., 2d Sess. (1990), *reprinted in* 1990 U.S.C.C.A.N. 6802, 6860, 6875. That rationale is inapplicable to the third-party action in this case.

The third-party action in this case corresponds most closely to the typical ancillary impleader claim the Supreme Court used as a benchmark to distinguish the claim the *Owen* plaintiff attempted to assert. In *Owen,* the Supreme Court noted that "in determining whether jurisdiction over a non-federal claim exists, the context in which the nonfederal claim is asserted is crucial." *Owen,* 437 U.S. at 375–76, 98 S.Ct. at 2403–04. The Court went on to say that the claim at issue in that case was "simply not ancillary to the federal one in the same sense that, for example, the impleader by a defendant of a third-party defendant *always* is." *Id.* at 376, 98 S.Ct. at 2404 (emphasis added). An impleader claim has "logical dependence" on the original claim; it is not a "new and independent" claim. *Id.* Furthermore, Plaintiff here did *not* "voluntarily cho[o]se to bring suit upon a state-law claim in a federal court," as did the plaintiff in *Owen.* 437 U.S. at 376, 98 S.Ct. at 2404. Rather, Plaintiff's case was removed to federal court in contravention of Plaintiff's original forum choice.

Essentially, Plaintiff acts as a defendant to National Can's claim when it impleads HydroVac for indemnity. Plaintiff had no logical reason to join HydroVac in the original action because HydroVac's alleged liability to Plaintiff is contingent on Plaintiff's liability to National Can on their counterclaim. Plaintiff cannot be said to have tried to evade the requirements of the diversity statute when it first filed in state court and then impleaded HydroVac only in response to National Can's counterclaim. Plaintiff desires simply and sensibly to avoid the piecemeal and potentially adverse resolution of the liabilities in question.

Before the enactment of Section 1367's supplemental jurisdiction provisions, when cases like the one before the court arose, a court's "decision ultimately [was] based on a weighing of the desire to preserve the integrity of constitutionally based jurisdictional limitations against the desire to dispose of all disputes arising from one set of facts in one action." 6 Charles A. Wright *et al., Federal Practice and Procedure* § 1444 at 319 (2d ed. 1990). If it were not bound by the plain terms of the statute, the court would be swayed by the interests of justice and efficiency to construe Plaintiff's claim as a claim by a *defendant* against a person made party under Rule 14 rather than a claim by a plaintiff, and thus to allow it to proceed under 28 U.S.C. § 1367(b). The court be-

lieves, however, that such a construction would reach beyond the limits of Section 1367(b). The jurisdiction of the federal courts is limited not only by Article III of the Constitution, but also by Acts of Congress. See *Owen*, 437 U.S. at 371–72, 98 S.Ct. at 2401–02. The court therefore will grant Third–Party Defendant's motion to dismiss.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.