**Victoria A. WARE, Plaintiff,**

v.

**JOLLY ROGER RIDES, INC., a Maryland Corporation, et al., Defendants.**

**Civ. No. 93–1711 PJM.**

United States District Court, D. Maryland.

July 11, 1994.

Edward P. Camus, Timothy F. Maloney, Riverdale, MD, Donna S. McDowell, Gaithersburg, MD, Carolyn Marie Crowley, Upper Marlboro, MD, for plaintiff.

Kathleen M. McDonald, Baltimore, MD, William R. Lester, Atlanta, GA, for defendants.

## MEMORANDUM OPINION

MESSITTE, District Judge.

### I.

Plaintiff Victoria A. Ware, a resident of Maryland, has brought suit in this Court as a result of injuries she suffered while using a water slide in Ocean City, Maryland. Although she alleges that the controversy is between citizens of different states, it is undisputed that the first-named Defendant in the suit, Jolly Roger Rides, Inc., is a Maryland corporation, as Plaintiff herself sets forth in her Amended Complaint. Jolly Roger, as well as all other Defendants, whose diverse citizenship will be assumed for purposes of the present motions, have filed Motions to Dismiss the suit on the grounds that complete diversity of citizenship is lacking.

The Court will grant the Defendants' motions.

### II.

Pursuant to 28 U.S.C. § 1332, United States District Courts have original jurisdiction of civil actions where the matter in controversy exceeds the value of $50,000 and is between citizens of different States. As long ago as 1806, in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), the Supreme Court, speaking through Chief Justice Marshall, engrafted a requirement that diversity of citizenship must be complete, *i.e.* no plaintiff may be a citizen of the same state as any defendant. *See also* 13B Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 2d*, § 3605, n. 8.

For diversity purposes, a corporation is deemed a citizen of any state in which it is incorporated or has its principal place of business. *See* 28 U.S.C. § 1332(c). This means that, for diversity to exist, the corporation's adversary must be a citizen of a state other than the state in which the corporation is incorporated or in which it has its principal place of business. *See e.g. Canton v. Angelina Casualty Company*, 279 F.2d 553 (5th Cir.1960); *see also* C. Wright, *The Law of Federal Courts*, p. 151, n. 19 (4th ed. 1983).

On the straightforward facts of this case, it is apparent that Plaintiff Ware and Defen-

dant Jolly Roger are citizens of the same state and, therefore, diversity is incomplete.

■ But Plaintiff attempts to argue that because diversity of citizenship exists against all other named Defendants and because her injuries arose out of one and the same transaction, this Court has supplemental jurisdiction over Jolly Roger, pursuant to 28 U.S.C. § 1367. It is true that § 1367(a) provides that in civil actions in which District Courts have original jurisdiction, they also have supplemental jurisdiction over all other claims so related to the claims in the action within the original jurisdiction that they form a part of the same case or controversy and that such supplemental jurisdiction includes claims involving joinder or intervention of additional parties. But it is also clear that § 1367 does not change the complete diversity requirement in place since *Strawbridge.* See Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d,* § 3567.3 (1993 Supp.) ("The legislation has limits, however, on the use of supplemental jurisdiction in diversity cases so that it will not defeat the rule of complete diversity"). It is thus inadmissible for Plaintiff to argue, as in effect she does, that diversity would exist if she omitted Jolly Roger from her initial filing and added them later by way of mandatory or permissive joinder. Subsection (b) of § 1367 expressly provides that "District Courts shall *not* have supplemental jurisdiction ... over claims by plaintiffs against persons made parties under Rule 14 [Third Party Practice], Rule 19 [Necessary Joinder], Rule 20 [Permissive Joinder], Rule 24 [Intervention] of the Federal Rules ..., when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332" (Emphasis added). Otherwise a plaintiff could defeat the statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead non-diverse defendants. *See Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Stevens v. Morrison–Knudsen Saudi Arabia Consor-*

*tium,* 576 F.Supp. 516, 524 (D.Md.1983) *aff'd* 755 F.2d 375 (4th Cir.1985); *ZB Holdings, Inc. v. White,* 144 F.R.D. 42 (S.D.N.Y.1992); *Averdick v. Republic Financial Services Inc.,* 803 F.Supp. 37 (E.D.Ky.1992), *cf. Whalen v. Carter,* 954 F.2d 1087 (5th Cir.1992); *Ciro, Inc. v. Gold,* 816 F.Supp. 253 (D.Del. 1993); *Hotel Syracuse, Inc. v. Young,* 805 F.Supp. 1073 (N.D.N.Y.1992).

The Court concludes that subject matter jurisdiction is lacking in this Court by reason of incomplete diversity of citizenship of the parties and that dismissal of Plaintiff's case is in order.

### III.

■ In light of what they term this Court's obvious lack of subject matter jurisdiction, Defendants have requested sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. Citing the 1983 version of the rule applicable in this case [1], Defendants invite the Court's attention to that part of the rule which provides that an attorney's signature to a pleading:

> constitutes a certificate by the signer that the signer has read the pleading ...; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law....

Defendants submit that even a cursory inquiry into the potential bases for federal jurisdiction should have revealed to Plaintiff's counsel the lack of complete diversity jurisdiction, a point which, moreover, Defendants contend Plaintiff could not, in view of the rule's long history, argue in good faith should be extended, modified or reversed. Defendants cite to the fact that Plaintiff has for some time had on file an identical suit in the Circuit Court for Worcester County, Maryland, apparently ready to go forward should this Court grant Defendants' Motions to Dismiss.

The Court is not out of sympathy with Defendants' arguments, agrees that the lack

---

1. Defendants' Motions to Dismiss and for Sanctions, as well as Plaintiff's oppositions, were filed prior to December 1, 1993; hence, former Rule 11, adopted in 1983, applies.

of federal jurisdiction should have been apparent to Plaintiff's counsel from the outset, and accordingly believes that some sort of sanction ought to be imposed upon Plaintiff's counsel.

The Court would note again, however, that Defendants' request for sanctions arises under old Rule 11, a rule sufficiently problematic to have required fairly radical surgery in 1993, when the new version of the rule took effect. The Court is inclined to read into former Rule 11 a purpose similar to that of current Rule 11, viz., that sanctions are "to deter rather than to compensate." *See* Fed. R.Civ.P. 11, "Notes of Advisory Committee on Rules, 1993 Amendment." The Court also observes that present Rule 11 provides that a motion for sanctions must be made separately from other motions and is not to be served on the Court unless, within 21 days after service, the challenged contention is not withdrawn or appropriately corrected. This undoubtedly reflects a sentiment that, in fairness, parties ought to have the benefit of some type of safe-harbor provisions with regard to motions for sanctions, a proposition no less true before the amendment than after. Nonetheless, Plaintiff's counsel has persisted in this suit long after it should have been apparent that the jurisdictional foundation did not exist. Under all these circumstances, the Court concludes that imposing a sanction of $1,000.00 (*i.e.* $250.00 per Defendant) upon Plaintiff's counsel, will serve within the spirit of Rule 11 as an appropriate deterrent to improvident filings such as Plaintiff's Complaint in this case.

A separate Order will be entered implementing the Court's decisions.