### Edward DIETER and Julia Dieter, Plaintiffs,

v.

### MFS TELECOM, INC., James Geiger, Fibernet USA, Inc., Fibernet Communications Services, Inc., and Fibernet Rochester, Inc., Defendants.

#### No. 94 Civ. 4785 (RWS).

United States District Court, S.D. New York.

Dec. 15, 1994.

---

Shafran, Mosley & Diamond, P.C., New York City (Kevin L. Mosley, of counsel), for plaintiffs.

Kaplan, Thomashower & Landau, New York City (Jonathan P. Wolfert, of counsel), for defendant MFS Telecom, Inc.

Redmond & Parrinelli, Rochester, NY (Gary M. Levine, of counsel), for defendant James Geiger.

## OPINION

SWEET, District Judge.

Defendants James Geiger ("Geiger"), MFS Telecom Inc. ("MFS"), and Fibernet Rochester, Inc. have moved for an order, pursuant to Rule 12(b)(1) dismissing the complaint for lack of subject matter jurisdiction. Defendant Geiger has, in the alternative, moved for a transfer of venue. For the reasons set forth below, the motion to dismiss on jurisdictional grounds is granted.

1. The citizenship of Fibernet was not alleged in the complaint, but in subsequent papers submitted by defendant it was stated that Rochester,

### Parties

Plaintiffs, Edward and Julia Dieter (the "Dieters"), were residents of the State of New York at the time this action was commenced.

Defendant MFS Telecom ("MFS") is a foreign corporation licensed to do business in New York, with its headquarters in Oak Terrace, Illinois. Defendants Fibernet U.S.A., Fibernet Communications Services, Inc. and Fibernet Rochester, Inc. (collectively "Fibernet"), wholly-owned subsidiaries of MFS, each has its principal place of business in Rochester, New York. Defendant Geiger is employed by Fibernet and is a resident of New York.

### Prior Proceedings

On June 9, 1994 the Dieters filed a complaint in this district. The complaint named MFS, Geiger and Fibernet as defendants and asserted jurisdiction under 28 U.S.C. § 1332(a)(1) (1993), diversity jurisdiction, or in the alternative, pursuant to 28 U.S.C. § 1367 (1993) (Supplemental jurisdiction) for the claims against Geiger, a non-diverse party.[1]

The complaint alleges a breach of the employment contract, a breach of covenant of good faith and fair dealing, and fraudulent misrepresentation against MFS. In addition, it alleges intentional interference with contractual relations, intentional interference with business relations, negligence against Geiger and Fibernet. There are allegations against MFS, Geiger and Fibernet for assault and battery and for other torts relating to the alleged incident on the bus.

By letter motion dated September 7, 1994 Defendants MFS and Fibernet Rochester, Inc. moved for a motion to dismiss the action based on lack of subject matter jurisdiction. The Dieters responded in opposition by letter dated September 9, 1994. On September 20, 1994 Defendant Geiger moved for an order of dismissal for lack of subject matter jurisdiction or in the alternative for transfer of venue to the Western District of New York.

New York is the principal place of business for all three Fibernet defendants.

On October 5, 1994 oral argument was heard on the motions. On October 11, 1994 the Dieters submitted an additional letter in support of jurisdiction. The motion was considered fully submitted at that time.

### Facts

The facts are gleaned from the complaint, taken as true, and the memoranda submitted on the instant motion. Edward Dieter was hired by MFS, in May 1993 at its Houston Texas location and worked their until December 1993. In December 1993, MFS was in the process of acquiring Fibernet. Pursuant to a contract entered into between MFS and Dieter in December 1993, MFS agreed to employ Edward Dieter as a Consultant, acting in the capacity of Regional Sales Director in the Rochester, New York office.

Edward Dieter began working in this capacity on December 10, 1993. The Dieter family moved from Houston to Rochester during that month.

Fibernet had a box seat at Rich Stadium. On January 23, 1994 the Dieters attended a football game at Rich Stadium in connection with Edward Dieter's work. Fibernet provided transportation to and from that game in a bus, on which alcoholic drinks were made available to the passengers. The Dieters used the bus to get to and from the stadium.

Various Fibernet employees including Geiger were on that bus. On the trip home from the game, the Dieters allege that defendant Geiger assaulted, provoked and attacked them. The Dieters allege that Fibernet knew that its employee, Geiger, had abusive and violent propensities.

The Dieters allege that after the incident on the bus Edward Dieter received assurances from MFS that the incident would not result in any discipline or termination.

On January 27, 1994 Edward Dieter was sent to Baltimore allegedly to do some work for MFS. In Baltimore, he alleges that he was forced to resign from MFS.

### Discussion

The Dieters submit that subject matter in this action is premised on either 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction") or diversity jurisdiction coupled with supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

### There is no Complete Diversity for the Purpose of Conferring Subject Matter Jurisdiction

It is well established that diversity jurisdiction requires complete diversity between the parties opposed in interest. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). 13B Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3605.

Plaintiffs concede that, at the very least, there is no diversity between the Dieters and Geiger as they are all New York residents. Thus diversity jurisdiction under 28 U.S.C. § 1332(a)(1) alone does not confer subject matter jurisdiction on this Court.

### Supplemental Jurisdiction does not Provide a Jurisdictional Basis

Section 1367 provides, in relevant part:

(a) Except as provided in subsections (b) and (c) ..., in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title (diversity jurisdiction), the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules ..., when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367 (1993) [2].

The Dieters assert that jurisdiction over Geiger and Fibernet is founded on the basis

---

**2.** This section was effective as of December 1, 1990.

of supplemental jurisdiction, as described in § 1367(a).

Geiger or Fibernet would not be able to be joined by the Dieters after the initiation of the litigation under Rules 14, 19, 20, or 24, since their addition would destroy diversity. Although the Second Circuit has yet to construe 28 § 1367(b), several federal courts have read this statute to bar the extension of supplemental jurisdiction under the enumerated rules. *See Krueger v. Cartwright*, 996 F.2d 928, 932–33 (7th Cir.1993) (vacating district court's joinder of a party-plaintiff under Rule 19(a) in light of a 28 U.S.C. § 1367 and dismissing action as party-plaintiff within the meaning of Rule 19(b)); *Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399, 412 n. 15 (3d Cir.1993) (finding supplemental jurisdiction impermissible pursuant to 28 § 1367 under Rule 14 impleader; also denying joinder under Rule 19); *Lederman v. Marriott Corp.*, 834 F.Supp. 112, 114 (S.D.N.Y.1993) ("Under 28 U.S.C. § 1367(b), however, in cases where jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332 supplemental jurisdiction is inapplicable to claims by plaintiffs against persons made parties under Fed.R.Civ.P. 19 (which governs additions of further parties to a complaint.)"); *Lynch v. TCM America, Inc.*, 1991 WL 626743 (E.D.N.Y.) (holding 28 U.S.C. § 1367(b) prevents plaintiffs from joining additional litigants pursuant to Rule 20).

The question here is whether defendants that are present at the initiation of a lawsuit and not those that plaintiff tries to add later, pursuant to the specified rules in § 1367(b), may be in the case, under the theory of supplemental jurisdiction, even though they do not meet the requirements of diversity jurisdiction. Neither of the parties has located any authority in this Circuit or in any Circuit Court on this specific issue.

This issue is in dispute among the federal district courts. *See Ware v. Jolly Roger Rides, Inc.*, 857 F.Supp. 462 (D.Md.1994) (dismissing case for lack of complete diversity and holding that supplemental jurisdiction was not a basis for original jurisdiction when supplemental defendant had same citizenship as plaintiff); *Averdick v. Republic Fin. Servs. Inc.*, 803 F.Supp. 37 (E.D.Ky.1992) (holding that pendant jurisdiction was not available where proposed pendant parties did not each meet the jurisdictional amount required for diversity), *Griffin v. Dana Point Condominium Ass'n*, 768 F.Supp. 1299 (N.D.Ill.1991) (same); *Chiasson v. Storz*, 1994 WL 532613 (E.D.La.1994) (same). *But see Patterson Enters. v. Bridgestone/Firestone*, 812 F.Supp. 1152, 1155 (Kan.1993) (permitting supplemental party in diversity action when jurisdictional amount was not met by each defendant); *Garza v. National American Ins. Co.*, 807 F.Supp. 1256 (M.D.La.1992) (same).

Of these cases, *Ware* is the only one that deals with the specific issue of an initial party that destroys diversity in a case grounded in diversity jurisdiction. A review of the facts and reasoning in *Ware* is persuasive. In *Ware*, the plaintiff was injured on a water slide. She brought a personal injury action against several defendants in federal court. One of the named defendants, Jolly Roger Riders, was a citizen of Maryland, as was the plaintiff. All defendants moved to dismiss for lack of complete diversity.

The plaintiff contended that because her injuries arose out of one and the same transaction, the federal court had supplemental jurisdiction over the non-diverse defendants pursuant to 28 U.S.C.A. § 1367(a).

The Court began its analysis by citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), as engrafting the requirement of complete diversity onto 28 U.S.C. § 1332, which simply requires that the suit be between citizens of different states. The district court reasoned as follows:

It is true that § 1367(a) provides that in civil actions in which District Courts have original jurisdiction, they also have supplemental jurisdiction over all other claims so related to the claims in the action within the original jurisdiction that they form a part of the same case or controversy and that such supplemental jurisdiction includes claims involving joinder or intervention of additional parties. But it is also clear that § 1367 does not change the complete diversity requirement in place since Strawbridge. *See Wright, Miller & Coo-*

*per*, Federal Practice and Procedure: Jurisdiction 2d, s 3567.3 (1993 Supp.) ("The legislation has limits, however, on the use of supplemental jurisdiction in diversity cases so that it will not defeat the rule of complete diversity").

It is thus inadmissible for Plaintiff to argue, as in effect she does, that diversity would exist if she omitted Jolly Roger from her initial filing and added them later by way of mandatory or permissive joinder. Subsection (b) of s 1367 expressly provides that "District Courts shall not have supplemental jurisdiction ... over claims by plaintiff against persons made parties under Rule 14 [Third Party Practice], Rule 19 [Necessary Joinder], Rule 20 [Permissive Joinder], Rule 24 [Intervention] of the Federal Rules ..., when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332" (Emphasis added). Otherwise a plaintiff could defeat the statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead non-diverse defendants. [Citations omitted].

The Court concluded that subject matter jurisdiction was lacking because of incomplete diversity, and dismissed the case. This logic is sound and in keeping with 28 U.S.C. §§ 1367(a) and (b).

The legislative history of § 1367 confirms this interpretation. *See* H.R.Rep. No. 734, 101st Cong.2d Sess. 818 (1990) ("In diversity—only cases the district courts may not hear plaintiffs' supplemental claims when exercising supplemental jurisdiction would encourage plaintiffs to evade the jurisdictional requirements of 28 U.S.C. § 1332....").

The Dieters have cited a number of cases in support of jurisdiction. Those cases are inapposite either because they predate the revisions of § 1367 or because they involve supplemental jurisdiction when the basis for original jurisdiction is a federal question. They have also pointed out several district court decisions which apply a different interpretation to § 1367. The *Garza* case from Kentucky is not controlling and adopts an interpretation with which this Court disagrees. Namely, that because the party is not added pursuant to one of the rules enumerated in § 1367(b), its presence is permissible.

Because there is no subject matter jurisdiction, the case is dismissed.

### Motion to Transfer Venue is Moot

The case is dismissed and as such the court cannot rule on the venue motion.

### Conclusion

For reasons discussed above, the motion to dismiss is granted and the motion to transfer is not reached.

It is so ordered.