**The CHASE MANHATTAN BANK, N.A., Plaintiff,**

**v.**

**Tom Rupert ALDRIDGE, An Underwriter at Lloyd's, London, on Behalf of Himself and All those Other Lloyd's Underwriters Subscribing to Insurance Policy No. 790/004A89005, Defendant.**

**Tom Rupert ALDRIDGE, An Underwriter at Lloyd's, London, on Behalf of Himself and All Those Other Lloyd's Underwriters Subscribing to Insurance Policy No. 790/004A89005, Defendant and Plaintiff on Counterclaim,**

**v.**

**ARCHER SERVICES INC., and The Chase Manhattan Bank, N.A., Defendants on Counterclaim,**

**The CHASE MANHATTAN BANK, N.A., Plaintiff, Defendant on Counterclaim and Third-Party Plaintiff,**

**v.**

**Richard J. KUH, KBS International Corporation and KBS Brokerage Corporation, Third-Party Defendants.**

**No. 91 Civ. 2649 (JGK).**

United States District Court, S.D. New York.

Sept. 22, 1995.

William Hart, New York City, for Plaintiff.

Joseph K. Powers, Sedgwick, Detert, Moran and Arnold, New York City, for Defendant Aldridge.

Robert A. Calinoff, Calinoff & Katz, New York City, for Defendant Archer Services.

Richard S. Atwater, Lustig & Brown, Buffalo, NY, for Third-party defendants.

## *OPINION AND ORDER*

KOELTL, District Judge:

The plaintiff, The Chase Manhattan Bank, N.A. ("Chase"), has moved to confirm this Court's subject matter jurisdiction over Chase's third-party action against the third-party defendants Richard J. Kuh, KBS International Corporation, and KBS Brokerage Corporation ("Kuh/KBS"). Kuh takes the equivocal position in response to this motion that "Kuh and KBS do not advocate dismissal of the third-party action. However, based upon case law cited to this court, it appears that a question does exist as to whether there is proper subject matter jurisdiction." (Kuh Mem. at 4) In any event, this Court has an independent obligation to assure that it has subject matter jurisdiction. *See* Fed. R.Civ.P. 12(h)(3). For the reasons stated below, the Court denies the motion to confirm jurisdiction and dismisses the third-party action for lack of subject matter jurisdiction.

On April 17, 1991, Chase, a national banking association with its principal place of business in New York, commenced this action against Tom Rupert Aldridge, an Underwriter at Lloyd's, London, on behalf of himself and all those other Lloyd's underwriters subscribing to a certain policy ("Lloyd's") to recover on an insurance policy. Lloyd's answered and filed a counterclaim against Chase, to which Lloyd's joined Archer Services, Inc., demanding a judgment declaring that the 1989 insurance policy at issue was validly rescinded because of misrepresentations Kuh/KBS allegedly made. In October 1994, Chase filed a third-party complaint against Kuh/KBS, who are citizens of New York, to seek indemnification in the event Lloyd's should prevail on its rescission counterclaim and leave Chase with no insurance coverage. All causes of action in this case are based on state law. Accordingly, this Court's jurisdiction over the original action between Chase and Lloyd's rests on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The issue raised by Chase's motion is whether this Court has jurisdiction over Chase's third-party complaint against Kuh/KBS.

Chase impleaded Kuh/KBS pursuant to Fed.R.Civ.P. 14(b). Under Rule 14(b), if a counterclaim is asserted against a plaintiff, the plaintiff may bring in a third party under the same circumstances a defendant is entitled to do so under the rule. Rule 14(a) permits a defendant, as a third-party plaintiff, to bring in a third party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a). There is no question in this case that the plaintiff's indemnity action against Kuh/KBS meets the requirements of Rule 14(b).

■ The provision for third-party claims in Rule 14 does not, however, provide an independent and sufficient basis for subject matter jurisdiction. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 370, 98 S.Ct. 2396, 2400–2401, 57 L.Ed.2d 274 (1977). Accordingly, third-party claims must satisfy ordinary jurisdictional requirements. Recognizing that neither 28 U.S.C. § 1332 (diversity jurisdiction) or 28 U.S.C. § 1331 (federal question jurisdiction) provides jurisdiction over the third-party action, the parties argue that this Court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367.

■ Under § 1367(a), courts may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, § 1367(b) provides that when the court's jurisdiction over the original claim is based on § 1332 (diversity jurisdiction), as it is in this case, the court may not exercise supplemental jurisdiction over "claims by plaintiffs against persons made parties under Rule 14 [third-party practice], 19 [necessary joinder], 20 [permissive joinder], or 24 [intervention] of the Federal Rules of Civil Procedure ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Because the plaintiff Chase brought in Kuh/KBS under Rule 14, the plain language of § 1367(b) appears to prohibit the Court from exercising supplemental jurisdiction over Chase's third-party action against them.

Many courts have similarly interpreted the plain language of § 1367(b) to prohibit a court's exercise of supplemental jurisdiction over nondiverse parties that a plaintiff attempts to join pursuant to one of the enumerated rules. *See, e.g., Krueger v. Cartwright,* 996 F.2d 928, 932–33 (7th Cir.1993) (vacating district court's joinder of dispensable party-plaintiff under Rule 19(a), holding that § 1367(b) would not permit the district court to exercise supplemental jurisdiction over that party); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* 11 F.3d 399, 412 n. 15 (3d Cir.1993) (noting that under § 1367(b) district court would not have jurisdiction over claims by plaintiff against party impleaded under Rule 14); *Dieter v. MFS Telecom, Inc.,* 870 F.Supp. 561, 563–65 (S.D.N.Y.1994) (holding that § 1367(b) does not permit court to exercise supplemental jurisdiction over defendants present at initiation of lawsuit; noting that plaintiffs could not have joined defendants under Rule 19 or 20 because § 1367 rendered supplemental jurisdiction inapplicable); *Guaranteed Systems, Inc. v. American Nat'l Can Co.,* 842 F.Supp. 855, 857–58 (M.D.N.C.1994) (holding that § 1367(b) prohibits the exercise of supplemental jurisdiction over plaintiff's third-party indemnity claim under Rule 14); *6247 Atlas Corp. v. Marine Ins. Co., Ltd.,* 155 F.R.D. 454, 459–60 (S.D.N.Y.1994) (finding that § 1367 does not permit supplemental jurisdiction in diversity cases over nondiverse parties to be joined as plaintiffs under Rule 19); *United Air Lines, Inc. v. ALG, Inc.,* No. 94 Civ. 3619, 1994 WL 583324, at *4 (N.D.Ill. Oct. 22, 1994) (denying joinder of party under Rule 19 or 20, holding that in light of § 1367(b), the court would lack jurisdiction over the party); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3523 ("Section 1367(b) casts some doubt on the ability of a plaintiff in a diversity action ... to implead a nondiverse party in response to a defendant's counterclaim.").

Chase candidly concedes that there is no case of which it is aware that has sustained jurisdiction over a claim such as Chase's—a third-party claim by a plaintiff against a nondiverse defendant. In addition, Chase concedes that the closest analogous case, *Guaranteed Systems, Inc., supra,* found no jurisdiction. Chase nevertheless argues that the Court should not interpret § 1367(b) so narrowly. Chase argues that it functions as a "counterclaim defendant" for the purposes of the third-party action; accordingly, Chase argues that the last clause of § 1367(b) would permit the extension of supplemental jurisdiction over the third-party action because the exercise of supplemental jurisdiction under such circumstances would not be "inconsistent with the jurisdictional requirements of section 1332."

Chase's argument is not persuasive. First, neither Rule 14 nor § 1367 recharacterizes plaintiffs as "counterclaim defendants." Indeed, Rule 14(b) affirmatively refers to the ability of a "plaintiff"—not a counterclaim defendant—to bring in a third party. Similarly, § 1367(b) explicitly rejects supplemental jurisdiction over claims "by plaintiffs" against persons made parties pursuant Rule 14. Although it is true that Chase functions as a defending party on the counterclaim, Chase remains the original plaintiff subject to the jurisdictional limitations of § 1367(b).

Furthermore, the Court finds that in the circumstances of this case the extension of supplemental jurisdiction over the third-party claims would assuredly be "inconsistent with the jurisdictional requirements of section 1332." In *Owen,* 437 U.S. 365, the Supreme Court held that a court could not exercise jurisdiction over a state law claim by a plaintiff against a nondiverse third-party defendant impleaded by the defendant for indemnity purposes. Although *Owen* did not address the precise circumstances of this case and was decided before § 1367 was enacted in 1990, the principles governing *Owen* are equally applicable here. In *Owen,* Justice Stewart emphasized that ancillary jurisdiction should not apply to plaintiffs:

> [A]ncillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court. A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must accept its limitations....
>
> ... But neither the convenience of the litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a plaintiff's cause of action against a citizen of the same State in a diversity case.

*Id.* at 376–77, 98 S.Ct. at 2404. Here, the plaintiff itself chose to commence its action in federal court. The plaintiff chose the federal forum and should have been aware of its jurisdictional limitations from the outset. This indemnity action by the plaintiff against a nondiverse party is a stand-alone case for which there is no independent basis for federal jurisdiction and which the plaintiff can bring in state court. Moreover, there is no reason why the plaintiff should be permitted to bring this action against the third-party defendants when it would have been unable to assert a claim against them had Lloyd's sued KBS and Kuh directly. *See Owen,* 437 U.S. 365, 98 S.Ct. at 2398 (holding that in an action based on diversity of citizenship, any claim asserted by the original plaintiff against the third-party defendant must present an independent jurisdictional basis). It would make no sense to find that Chase could not sue parties who were brought into the case by a defendant, even though Chase had related claims against them, but Chase was free without a jurisdictional basis to bring those parties into the case on its own.

Finally, even if the plain language of § 1367(b) does not prevent the Court from exercising supplemental jurisdiction over Chase's third-party claim, the Court finds that to do so would not serve the interests of justice and efficiency. The plaintiff has already commenced an action in state court against the third-party defendants. At oral argument on another motion in this case, Chase advised the court that it brought that action because it was concerned that federal jurisdiction over the third-party claim might be lacking. In addition, the parties will be able to use in the state court proceedings any discovery they have conducted while under the jurisdiction of this Court.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over Chase's third-party action against the third-party defendants. Accordingly, the Court denies Chase's motion to confirm jurisdiction over that claim and dismisses the third-party complaint for lack of subject matter jurisdiction.

**SO ORDERED.**