**CAROLINA ASPHALT PAVING, INC., Plaintiff,**

v.

**BALFOUR BEATTY CONSTRUCTION, INC. and Federal Insurance Co., Defendants.**

**Balfour Beatty Construction, Inc., Third–Party Plaintiff,**

v.

**Safeco Insurance Co. of America, Third–Party Defendant.**

**Civ.A. No. 9:04–1578–23.**

United States District Court, D. South Carolina, Beaufort Division.

Nov. 19, 2004.

Glynn L. Capell, Myrtle Beach, SC, Robert W. Achurch, III, Howell Gibson and Hughes, Beaufort, SC, for Plaintiff.

Robert W. Achurch, III, Howell Gibson and Hughes, Sherry A. Lambson, Gregory S. Martin, Moye O'Brien O'Rourke Pickert, and Martin, Beaufort, SC, for Defendants.

## ORDER

DUFFY, District Judge.

This matter is before the court upon Plaintiff Carolina Asphalt Paving, Inc.'s ("Carolina Asphalt") Motion for Joinder of Additional Parties and For Leave to File Amended Reply to Counterclaim and Third–Party Summons and Complaint. Should the court grant this motion, Carolina Asphalt asks the court to remand this matter to state court, as the joinder of the additional party would defeat diversity jurisdiction. For the reasons set forth herein, Plaintiff's motion is granted.

## BACKGROUND

This case arises from the construction and widening of Highway 170, including the replacement of two bridges over the Broad and Chechessee Rivers, in Beaufort County, South Carolina (hereinafter "the Project"). On September 27, 2000, the South Carolina Department of Transportation ("SCDOT") contracted with Defendant Balfour Beatty Construction, Inc. ("Balfour Beatty") to serve as the designer and prime contractor for the Project. A payment bond listing Federal Insurance Company ("FIC") as the surety and Balfour Beatty as the principal was issued that same day.[1] Balfour Beatty subse-

---

1. The payment bond was in the amount of $27,692, 310.00. The amount of the bond was later increased to $34,433.368.50.

quently entered into a subcontract with Carolina Asphalt to perform certain earthwork and paving. Carolina Asphalt retained Cleland Construction, Inc. ("Cleland") as a sub-subcontractor to perform the site preparation, earthwork, and certain other duties.

Carolina Asphalt contends that its performance under the subcontract was delayed by issues beyond its control, including right of way acquisition and availability, roadway design and availability changes, changes in the scope of work, and delays in the availability of the new bridge to receive traffic. (Compl. ¶ 9). Apparently, Carolina Asphalt requested extensions of time for performance from Balfour Beatty, but Balfour Beatty denied these. On February 4, 2004, Balfour Beatty terminated Carolina Asphalt for failing to perform.

Carolina Asphalt instigated this action against Balfour Beatty and FIC on April 2, 2004. Carolina Asphalt alleges breach of contract, quantum meruit, breach of fiduciary duty, and conversion claims against Balfour Beatty.[2] While the case was originally filed in the Court of Common Pleas for Beaufort County, Defendant Balfour Beatty removed it to this court on May 18, 2004. After removal, Balfour Beatty filed an answer, counterclaim and a third-party complaint against Carolina Asphalt's bonding company, Safeco Insurance Company of America ("Safeco"). In its counterclaim against Carolina Asphalt, Balfour Beatty alleges that Carolina Asphalt is responsible for many of the delays that occurred.

### ANALYSIS

Plaintiff Carolina Asphalt now seeks to add Cleland as a third-party defendant to Balfour Beatty's counterclaim pursuant to Fed. R.Civ.P. 14(b). Carolina Asphalt argues that Cleland should be joined because the contract between Carolina Asphalt and Cleland contains an indemnity provision requiring Cleland to share in the defense and liability, if any is found, for the delays alleged by Balfour Beatty. Further, Carolina Asphalt contends that the joinder of Cleland destroys this court's subject matter jurisdiction because Cleland is a South Carolina corpora-

tion. Accordingly, Carolina Asphalt asks this court to remand the case to the Court of Common Pleas for Beaufort County, South Carolina. The court first considers whether Cleland is appropriately joined as a third-party defendant under Rule 14(b), and then considers whether it may maintain jurisdiction over such a suit.

### A. Addition of Cleland Pursuant to Fed.R.Civ.P. 14(b)

■ Fed.R.Civ.P. 14(b) provides that, if a counterclaim is asserted against a plaintiff, the plaintiff may bring in a third party under the same circumstances as a defendant is allowed to do so under Fed.R.Civ.P. 14(a). Fed.R.Civ.P. 14(a) permits a defendant, as a third-party plaintiff, to bring in a third party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Accordingly, pursuant to Rule 14(b), Carolina Asphalt may join Cleland if Cleland is potentially liable to Carolina Asphalt for all or part of Balfour Beatty's claims. *See* Fed.R.Civ.P. 14(b). "[T]he decision to permit joinder [under Rule 14] rests with the sound discretion of the trial court." *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F.Supp. 1057, 1068 (D.Del.1990) (quotation omitted); *see also Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 n. 6 (3d Cir. 1971). "Presumably a court, called upon to exercise its discretion as to impleader, must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the [non-moving party] might suffer from complications of the case." *Id.*

■ Here, Carolina Asphalt contends that Cleland has a duty to indemnify it for Balfour Beatty's claims. In this situation, joinder under Rule 14 is wholly appropriate. *See, e.g., Chase Manhattan Bank, N.A. v. Aldridge*, 906 F.Supp. 866 (S.D.N.Y.1995) ("There is no question in this case that the plaintiff's indemnity action against [the joined party] meets the requirements of Rule 14(b)."); *Guaranteed Sys., Inc. v. Am. Nat'l Can Co.*, 842 F.Supp. 855 (M.D.N.C.1994).

---

**2.** Carolina Asphalt also asserts a claim for failure to issue payment under a payment bond against FIC.

First, the impleader of Cleland will advance the ultimate resolution of all litigation relating to the Project. As Carolina Asphalt notes, there is an ongoing action in state court involving a sub-contractor of Cleland (Marshall Landscaping, Inc.) and sub-subcontractor of Carolina Asphalt naming Cleland, Carolina Asphalt, and FIC as defendants.[3] The court is not persuaded that the present action should proceed separately, and without Cleland as a party, from this state court litigation. *See, e.g., Guaranteed Systems,* 842 F.Supp. at 857 (allowing impleader where "Plaintiff desires simply and sensibly to avoid the piecemeal and potentially adverse resolution of the liabilities in question.").

Further, Carolina Asphalt's attempt to add Cleland does not appear to be motivated by bad faith or undue delay. Carolina Asphalt had no logical reason to join Cleland in its original claim against Balfour Beatty, as Cleland's alleged liability to Carolina Asphalt arose only after Balfour Beatty counterclaimed against Carolina Asphalt. *See, e.g., Guaranteed Sys.,* 842 F.Supp. at 857 ("Plaintiff cannot be said to have tried to evade the requirements of the diversity statute when it first filed in state court and then impleaded [the third party] only in response to [Defendant's] counterclaim."). Finally, the court cannot identify any prejudice Balfour Beatty will suffer by Cleland's addition. While Balfour Beatty argues that the joinder of Cleland will result in significant delay in the case, the court is not persuaded that this concern outweighs the interests of justice, efficiency, and the avoidance of inconsistent judgments. *See, e.g., Chase,* 906 F.Supp. at 869. Accordingly, Plaintiff's Motion for Joinder of Additional Parties must be granted.[4]

## B. The Propriety of Jurisdiction Over Carolina Asphalt's Claims against Cleland

■ The court must now consider whether it possesses subject matter jurisdiction over Carolina Asphalt's third-party claim against Cleland. It is well settled that Rule 14 does not provide an independent basis for subject matter jurisdiction. *See, e.g., Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 370, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (holding that Rule 14's authorization of third-party claims does not affect the statutory requirement of complete diversity among parties in diversity actions). "Accordingly, third-party claims must satisfy ordinary jurisdictional requirements." *Chase,* 906 F.Supp. at 868. Here, as neither 28 U.S.C. § 1332 (diversity jurisdiction) nor 28 U.S.C. § 1331 (federal question) provide a basis for jurisdiction over Carolina Asphalt's claims against Cleland, this court can only retain the case if it has supplemental jurisdiction over the claims pursuant to U.S.C. § 1367.

■ 28 U.S.C. § 1367(b) provides

In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Thus, by its plain language, Section 1367(b) provides that, in a diversity action, district courts will not have supplemental jurisdiction over any non-diverse persons made parties under Rules 14, 19, 20 or 24 of the federal rules. Because Carolina Asphalt impleads Cleland pursuant to Fed.R.Civ.P. 14, the court may not exercise supplemental jurisdiction over this claim. *See, e.g., Chase,* 906 F.Supp. at 868 (dismissing plaintiff's implead-

---

**3.** Carolina Asphalt also points out that "[t]here are at least six other subcontractors and suppliers of Carolina Asphalt that have claims on this Project, all of which have the potential of filing a lawsuit naming both Carolina Asphalt and Balfour Beatty as defendants." (Pl. Mem. at 7).

**4.** Carolina Asphalt also seeks leave to file an amended reply to Balfour Beatty's counterclaim pursuant to Fed.R.Civ.P. 15. Carolina Asphalt's reason for seeking leave is that it seeks to add the counterclaims against Cleland in this reply. As the court has determined that Cleland may be properly impleaded pursuant to Fed.R.Civ.P. 14(b), the court believes Carolina Asphalt's motion for leave to amend its reply to the counterclaims must also be granted.

er of a non-diverse third-party defendant for contribution on defendant's counterclaim; "Because the plaintiff ... brought in [third-party defendant] under Rule 14, the plain language of § 1367(b) appears to prohibit the Court from exercising supplemental jurisdiction over [plaintiff's] third-party action against them."); *Guaranteed Sys.*, 842 F.Supp. at 857 ("The terms of 28 U.S.C. § 1367(b) prohibit the court from exercising jurisdiction over Plaintiff's third-party claim. Guaranteed Systems is clearly a plaintiff in a diversity suit asserting a claim against a non-diverse third-party defendant made a party under Rule 14."); *see also Rosario Ortega v. Star–Kist Foods, Inc.*, 370 F.3d 124, 140 (1st Cir.2004) ("Section 1367(b) would prevent the plaintiff from asserting a non-federal claim against the impleaded party."); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 n. 15 (3rd Cir.1993) (recognizing that under § 1367(b), a district court would not have jurisdiction over claims by a plaintiff against a party impleaded under Rule 14); *Wallkill 5 Associates II v. Tectonic Engineering, P.C.*, 1997 WL 452252, *9 n. 6 (D.N.J. July 25, 1997) ("1367(b) precludes the original plaintiff from using Rule 14 to amend its complaint to include the impleaded party and, thus, litigate the impleaded party's liability to it."). Thus, as the court is without supplemental jurisdiction, the court must remand the case to the Court of Common Pleas for Beaufort County, South Carolina.

### CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Carolina Asphalt's Motion for Joinder of Additional Parties and For Leave to File Amended Reply to Counterclaim and Third–Party Summons and Complaint and Remand the Action to State Court is **GRANTED.** This case is hereby remanded to the Court of Common Pleas for Beaufort County, South Carolina.

**AND IT IS SO ORDERED.**